Anant Kumar Tripati 102081
_____
Name and Prisoner/Booking Number
Post Office Box 5000
_____
Place of Confinement
Florence, AZ 85132
_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

FILED ✓    LODGED ___
RECEIVED ___    COPY ___

FEB 0 9 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ HA ___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

ANANT KUMAR TRIPATI )
_____ )
(Full Name of Plaintiff)     Plaintiff, )
)
vs. )     CASE NO. _____
)         (To be supplied by the Clerk)
(1)  CORIZON INC )
_____ )
(Full Name of Defendant) )
(2)  DR. CALVIN JOHNSON )
_____ )
)     **CIVIL RIGHTS COMPLAINT**
(3)  B.ANDERSON FLATT )     **BY A PRISONER**
_____ )
)
(4)  TRACY NOLAN )
_____ , )  ☑ Original Complaint
Defendant(s). )  ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them. )  ☐ Second Amended Complaint

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    ☑ Other: 28 U.S.C. 1332. 1367 I AM A BRITISH CITIZEN
    AND DEFENDANTS 9 AZ, TN, SEE PAGE 1 B

2.  Institution/city where violation occurred: _____ EAST UNIT - Tucson _____.

Revised 5/1/2013

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING 1
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE CIVLR 5.4
(Rule Number/Section)

**550/555**

5. Harold Orr, Policymaker Corizon;
6. Jonathan Walker, Policymaker Corizon;
7. Scott Bowers, Policymaker Corizon;
8. Joannah Grafton Burns, Provider East Unit;
9. Dr. Chris Johnson, Provider East Unit;
10. Dr. Glen Babich, Provider East Unit;
11. Dr. David Robertson, Medical Director, ADOC;
12. Juliet Respicio-Moriarity, Grievance Officer;
13. Cheryl Dossett, Grievance Officer;
14. Heather Richardson, Grievance Officer;
15. Charles Ryan, ADOC Director;
16. Wexford Health Sources, Inc  Former Provider;
17. Dr. Lucy Burciaga, Provider Tucson;
18. Cristina Armenta, Provider Tucson;
19. Debra Han, CO IV Tucson;
20. Lucy Lyons, Grievance Tucson;
21. Tamara Porter, FHA Tucson;
22. Marlene Bedoya, RN Tucson;
23. RN Angela Martinez Tucson;
24. Pannan Days, Deputy Warden, Tucson;
25. Glen Pachecho, Deputy Warden Tucson;
26. Anna Jacobs, Deputy Warden, Tucson;
27. Stacy Crabtree, Classification Officer, Phoenix;
28. Richard Pratt, Medical Director ADOC;
29. Julia Erwin, Legal Monitor, Phoenix;Policymaker;;
30. Courtney Glynn, Legal Services,ADOC Policymaker;;
31. Susan Rogers, Counsel ADOC Policymaker;
32. Karyn Jlausner, Counsel ADOC Policymaker;
33. Daryl Johnson, Legal Monitor Policymaker;
34. Paul Edward Carter, Counsel ADOC Policymaker;
35. Kelley Joan Morrissey  Counsel ADOC Policymaker;
36. Mark Brnovich Counsel ADOC Policymaker;
37. Kevin Curran, Warden Florence Policymaker;
38. Anne Marie Smith-Whitson Deputy Waren East Unit Policy Maker;
39. George Osler, Mailroom Officer Florence;
40. Daniel Moreno, Mailroom Officer Florence;
41. Jose Ramos, Mailroom Officer, Florence;
42. Glenn Schletter, Mailroom Officer Florence;
43. Becken Petty O'Keefe, Financier Corizon;
44. Winfred Williams is Regional Director Corizon
45. Joseph Scott Conlon is attorney Corizon;
46. Jonah Rappazzo is attorney Wexford.
47. Brandi Blair is attorney Wexford
48. Edward Hochuli is attorney Wexford.
49. Charles Stedman Hover III is attorney Corizon
50. Timothy Regis Gimm II is attorney Corizon
51. Kristin Whitney Basha is attorney Corizon
52. Matthew R. Zwick is attorney Wexford
53. Samuel H. Foreman is attorney Wxford.
54. Rnaud Cook Drury Mesaros PA is attorney Corizon.
55. Weber Gallagher Simpson Stapleton Fire & Newby LLPis attorney Wexford
56. Jones Skelton Hochuli is attorney Wexford.

JURISDICTION CONTD:

Defendants are all citizens of Arizona, Tenenssee, Pennsylvania. The amount in controversy, exclusive of interest and costs, exceds $250,000.

## B.  DEFENDANTS

1.  Name of first Defendant: _Corizon Inc_ . The first Defendant is employed
as: _Healthcare provider_ at _Asoc_ .
(Position and Title)                              (Institution)

2.  Name of second Defendant: _Dr. Calvin Johnson_ . The second Defendant is employed as:
as: _Policymaker Corizon_ at _Tennessee_ .
(Position and Title)                              (Institution)

3.  Name of third Defendant: _Dr. Andrew Tylor_ . The third Defendant is employed
as: _Policymaker Corizon_ at _Tennessee_ .
(Position and Title)                              (Institution)

4.  Name of fourth Defendant: _Tosca Nola_ . The fourth Defendant is employed
as: _Policymaker Corizon_ at _Tennessee_ .
(Position and Title)                              (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?    ☑ Yes    ☐ No

2.  If yes, how many lawsuits have you filed? _3 Plus_ . Describe the previous lawsuits:

a.  First prior lawsuit:
1.  Parties: _Trufant_ v. _Corizon_
2.  Court and case number: _CV 13-0617_
3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?) _On appeal_
_Counsel appointed_

b.  Second prior lawsuit:
1.  Parties: _Trufant_ v. _Hale_
2.  Court and case number: _CV 15-0140_
3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?) _On appeal_
_Briefing stayed pending disposition of motion_
_for counsel_

c.  Third prior lawsuit:
1.  Parties: _Trufant_ v. _Corizon_
2.  Court and case number: _CV 16-0202_
3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?) _Appeal_
_pending-_

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
    Eighth Amendment

2.  **Count I.**  Identify the issue involved.  Check **only one.**  State additional issues in separate counts.
    ☐ Basic necessities            ☐ Mail              ☐ Access to the court      ☒ Medical care
    ☐ Disciplinary proceedings     ☐ Property          ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    MY DIAGNOSED SERIOUS MEDICAL CONDITIONS
    1. I have been diagnosed with high blood pressure, hypoglycemia, urology
    issues, shakes, tremors, food allergies to soy, wheat, dairy, beans, peanuts
    and gluten, allergies, chronic pain, chronic constipation
                    ABILITY TO CONTROL AND EFFECT
    2. High blood pressure is both preventable and treatable. Left untreated
    it can cause heart attack, heart failure, kidney failure, stroke, dementia
    and loss of vision.  It is caused by sensitivity to salt, diet and pain.
    People with high blood pressure have other medical conditions also.
                        MONITORING
    3. My blood pressure is on an average 170/100 and is monitored daily. However
    monitoring does not mean anything if the proper treatment is not given.
                    MEDICATION SINCE JUNE 2017
    4. Since June 2017 I have been given Cadura, Finnasteride, Omeraprazole,
    Lisinipril, Amlodipine, Cetrizine, Senna, Hydrochlorothyazide, Flonase.

                                        (SEE ATTACHMENT)

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
    I am not being given proper treatment for my blood pressure and medical condition
    and my pain is unbearable.

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                          ☒ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count I?              ☒ Yes    ☐ No
    c.  Did you appeal your request for relief on Count I to the highest level?     ☒ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____

## COUNT II

1.  State the constitutional or other federal civil right that was violated: _____
    RLUIPA_____.

2.  **Count II.** Identify the issue involved. **Check only one.** State additional issues in separate counts.
    ☐ Basic necessities        ☐ Mail            ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings ☐ Property        ☐ Exercise of religion   ☐ Retaliation
    ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    33. This issue could not be raised in CIV 11-0195 because Paul Carter
    perpetrated fraud upon the court. He concealed from the court the fact that
    the RAST test was inaccurate because of the effects of prednisone. As a Hindu
    ~~I cannot eat meat and have diagnosed food allergies. I am not asking for~~
    ~~any specific meal, but a vegetarian diet, without the food items I have~~
    ~~allergies to—soy, wheat, dairy, beans, nuts, gluten. Days, Pachecho,~~
    Robertson, Dossett, Richardson, Williams, Grafton, ~~Respicio-Moriarity,~~ Glynn
    and Chris Johnson aware that there is no medical necessity for me to eat
    meat, have refused to order I be given a vegetarian diet that comports to
    both my religion and medical needs. They are able to do this as evident by
    East Unit giving me the diet. I have no alternative means of exercising my
    rights and their is no valid rational connection for them to not give me
    ~~the diet. There is no compelling government interest in defendants denying~~
    ~~me this right and their actions are not the least restrictive means. They~~
    ~~have done so pursuant to Ryan's policies to impede the ability of inmates~~
    to practice their religions. (SEE ATTACHMENT)

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

    I am unable to eat the meals I get as they have meat and my religion
    forbids eating of meat. East Unit for a while gave me a vegetarian diet that
    was free of foods I have allergies to, but have stopped as ADOC policy
    does not allow this.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☑ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count II?              ☑ Yes   ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?     ☑ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
        _____

## COUNT III

1. State the constitutional or other federal civil right that was violated:
   FIRST AMENDMENT

2. **Count III.**  Identify the issue involved.  Check **only one.**  State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☑ Other: _Counsel_

3. **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

   35. Every piece of legal mail I receive has the name of the lawyer, his/her address Osler, Schletter, Moreno, Ramos admitted in writing that they on July 20, 2017 opened two pieces of my legal mail from attorney Fred Romero, properly addressed This is not the first time this has happened and when this happened previously I advised my CO III Brennan and asked that staff be careful.
   36. Osler, Ramos, Schleter, Moreno disciplined me and the ticket was dismissed.
   37. They took privileged communications from these mail and published them on ADC computers. According to them they opened the mail as the post mark was not from California and that they obtained the lawyers permission before they opened the mail. However the lawyer states he did not give any such permission. They called counsel and threatened him according to counsel Counsel states they were forcing him to say that he did not send the mail, but he refused to say so, because, he sent the mail. At no time have I waived any privilege or authorized defendants to open, read, publish any communication from/to my lawyers.(see ATTACHMENT)

4. **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

   I am unable to obtain advice from counsel on matters that affect my pending challenges to my criminal case, pending issues before this and other courts because of which I recently had CIV 16-00282 dismissed.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?            ☑ Yes    ☐ No
   b. Did you submit a request for administrative relief on Count III?            ☑ Yes    ☐ No
   c. Did you appeal your request for relief on Count III to the highest level?            ☑ Yes    ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

I demand a trial by the court, costs, fees, an order that I be treated and relief for the misconduct in this complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

## COUNT ONE CONTINUED
### MEDICATION SINCE JUNE 2017 NOT HELPING

5. The medication that I am being given since June 2017 is not helping. Instead every time my blood pressure is taken it is high and I am given clonodine. It drops my pressure for a few hours and rises again. This is not helping.

### DIET SINCE JUNE 2017

6. In June 2017 Dr. Chizoba Ngwube ordered an allergy diet for me. She advised me she could not order that diet that I need, the diet ordered August 28, 2014 by the Chief Clinical Officer of Corizon because Dr. David Robertson shall deny that diet. She also informed me that she could not order I receive an allergy diet low in salt because it is against ADOC policy to order a combination diet.

### DIET DENIED

7. East Unit for a while gave me a vegetarian diet without the food items I have allergies to and without salt. However they have been directed not to give me that diet. Hence, I am unable to eat the food I am served because it has meat and I as a Hindu cannot eat flesh.

### DEFENDANTS KNEW THAT EAST UNIT
### COULD NOT TREAT MY MEDICAL CONDITION

8. East Unit medical is not open 24 hours and defendants knew this. in spite of this knowledge they moved me to East Unit. They knew that I could not receive the treatment I received in Tucson in East Unit. February 1, 2018 I was told that I shall be given the 24 hour dosage of medication in 8 hours and this will again aggravate my condition

### FEBRUARY 1, 2018

9. I was told on February 1, 2018 that I now have serious lung problems and instead of ensuring that I get medication every eight hours, they will give me medication between 8 and 3 pm. This medication dispensation schedule will aggravate my condition because there is not enough medication in the system  24 hours to relieve the condition pain and breathing issues that I face.

### CHANGE BY CORIZON THAT HELPED

9. August 28, 2014 the Chief Clinical Officer of Corizon directed I be given medication every eight hours. This managed my condition. I cannot get this in East Unit because East Unit medical is not open twenty four hours a day.

10. August 28, 2014 the Chief Clinical Officer of Corizon directed I receive an allergy diet without soy, wheat, dairy, beans, gluten and peanuts  and as there

is no medical necessity for me to eat meat, the diet could be vegetarian, to accomodate my religious tenets.

11. On January 25, 2015 the Medical Director Of ADOC in grievance C14119014 approved my having the diet. However Angela Martinez directed Dr. Bonnie Goodman not to give me the diet. As a direct consequence I was not given that diet.

12. Upon the directives of Carter and Erwin, Dossett and Richardson directed that I not be given a medical diet that satisfies my religious tenets and I am not;

13. On April 21, 2016 Han was directed by Dossett to file a grievance I filed. Aware that East Unit could not accomodate my medical needs, e.mails and phone logs show, that Han contacted Days, Pachecho, Armenta, Porter, Burciaga and Crabtree. They then moved me to East Unit aware that I cannot get treatment in East Unit.

14. Grafton, Chris Johnson aware that I could not receive the treatment I received in Tucson, refused to take action to ensure I receive that treatment. Smith-Whitson aware that I could not get the treatment, advised me that I was going to receive that treatment. I have not.

## THE IMPACT OF NOT GETTING THE TREATMENT

15. Because I did not receive the treatment I was getting, now my blood pressure is on an average 170/100 and my pain has gone worse.

16. I have been informed that Dr. Babich has directed I not continue to receive the treatment I received, no matter what happens with my blood pressure and pain because Corizon will not spend money for the treatment I received and that helped.

## ROBERTSON/DOSSETT/PRATT

17. Robertson, Dossett, Pratt aware that the conduct in paragraphs 1 through 16 adversely affect my medical needs, refuse to take any action to ensure that I receive proper treatment.

## FRAUD UPON THE COURT

18. Carter, Klausner, Daryl Johnson, Burciaga, Williams, Respicio Moriarity, Robertson did not advised the court in CIV 11-0195 that due to my being on prednisone the RAST tests were incorrect. Prednisone renders RAST invalid. I lodged a complaint with the Arizona Medical Board and they initiated proceedings against Dr. Williams because his directives that I be given the RAST violates

ATTACHMENT PAGE 2

established medical practices.

19. Had the court been advised that RAST results were inaccurate the results would have been different in CIV 11-0195.

## WHAT HAPPENS WHEN I EAT THE FOOD

20. When I eat the food with the allergy items, my blood pressure drops, I sweat, my blood sugar drops, I sweat, have severe shakes and tremors.

## POLICIES OF CORIZON

21. I have written extensively about the practices of Corizon in the following Amazon Kindle books:

* Litigation Fraud By Government Counsel In Civil Litigation ASIN # B078X4PKPQ (Discussing falsification of evidence by Corizon and Wexford to prevail in litigation)

* Administrative Remedies In Prison ASIN # B07842YV7C (I wrote this with Justin James Thrasher and discuss the unavailability of the grievance process in ADOC)

* Release As A Remedy For Continuous Cruel And Unusual Punishment In Prisons ASIN # B078X3H748 (I authored this with Justin James Thrasher discussing release as a remedy in the Arizona Department Of Corrections)    * Litigation Fraud By Government Counsel In Civil Litigation ASIN # B078X4PKPQ (Discussing falsification of evidence by Corizon and Wexford to prevail in litigation)

* An Inexplicable Deformity (Discussing the denial of health care by Corizon, Wexford and ADOC)

* Remedy And Redemption (Discussing how to obtain relief for fraud upon the court by defendants)

* Judicial Protection Of The legal Profession (Discussing how judges allow defendants to conceal evidence)

12. It is the policy of Corizon and ADOC to delay, deny treatment for our serious medical needs and this is evidenced by the statements by Magistrate Judge David Duncan and the number of inmate deaths.

23. Defendants acting pursuant to these practices denied me the treatment. I have had 40 plus medical ICS and been hospitalized 5 times.

24. Defendants, and each of them, failed to perform their delegated duties, they failed to exercise the power and authority they had, acting with deliberate indifference to my serious medical needs, causing me under pain and suffering.

## DEFENDANTS ACTIONS ARE OBJECTIVELY UNREASONABLE

ATTACHMENT PAGE 3

25. Defendants, and each of them should have known that when a unit medical is not open 24 hours, then, inmates such as me should not be moved to that unit, if they are supposed to get medication every 8 hours.

26. Defendants should not have refused to give me the medication that helped my condition just because ADOC and Corizon's policies have been changed to provide for inmates not to get the medication that helped my condition.

27. Corizon and its employees should have reviewed my medical record and their failure to review my records, of treatment given to me by Corizon that helped my condition and to discontinue that treatment, is objectively unreasonable.

28. Defendants, engaged in the conduct in paragraphs 1 through 27, aware that my medical condition shall get worse.

29. As a direct consequence of Defendants conduct my blood pressure is on an average 170/100.

30. As a direct consequence of Defendants conduct my pain has substantially increased because they do not wish to provide medication and continue with the treatment I received August 28, 2014 to April 2016.

31. Defendants engaged in this conduct pursuant to the policies practices and customs of Corizon and ADOC.

32. Each and every defendants had the authority and duty to prevent the injury but acting pursuant to ADOC/Corizon's policies failed to.

## COUNT TWO CONTINUED

34. East Unit gave me a vegetarian diet without the allergy items and without salt for a while. They have however been directed not to give me that diet and they refuse to.

## COUNT THREE CONTINUED

38. Osler, Schletter, Ramos and Moreno seized 3 dvds with research and evidence pertaining to my pending claims in court, and evidence, other acts, against defendants.

39. Erwin, Glynn, Dossett, Curran by opening, seizing and publishing contents of my legal mail, have prevented me from communicating with my counsel, concerning this matter, claims in CIV 16-0282, pending appeals, collateral challenges to my criminal convictions, my pending petitions for review and certiorari.

40. Curran, Erwin and Glynn advised me they shall continue to open and read my legal mail that I receive from my solicitors in the United Kingdom and Australia and have continued to do so.

ATTACHMENT PAGE 4

41. Defendants violated clearly established law and knew they were violating these and had Brnovich put in place a policy that his employees not advise ADOC to violate clearly established law, the misconduct would not be.

## COUNT FOUR REGARDING ACCESS TO COURTS
### CHRISTOPHER CLAIM

42. E.mails and other responses from defendants show that they have destroyed e.mails, records and evidence that pertain to my allegations in this complaint, and have done so, pursuant to Wexford/ADOC/Corizon's policies. Aware that drafts of e.mails and documents electronically generated are 801(d)(2) statements, defendants destroyed all drafts. Without the destroyed evidence I would have prevailed in CIV 11-019 concerning my being denied my diet and retaliation; CIV 15-0140 concerning denial of treatment for serious medical needs by Wexford; CIV 16-00282 concerning denial of treatment and diet in Tucson; CIV  CIV 01-18741; 02-14210; 02-14211; 02-15874; 99-20757 concerning my being denied compensation for loss of property and legal materials;

43. By the foregoing conduct defendants have impeded and frustrated my claims with their actions having no valid justification entitling me to relief pursuant to Christopher v Harbury, 536 U.S. 415 (2002)

### INJURY

I have had my claims defeated by their desroyingevidence/concealing evidence.

### EXHAUSTION

I have exhausted my remedies.

### COUNT FIVE
### DENIAL OF EQUAL PROTECTION

44. E.Mails, attachments to e.mails, attachment to the Julia Erwin E.mail to Brennan on ~~August~~ APRIL 26, 2016, phone conversations between ADOC and Corizon employees (all employee communications over ADOC phones are recorded) show that in violation of Village Of Willowbrook v Olech, 528 U.S. 562, 564-65 (2002) I have been intentionally singled out to be denied same or similar treatment as all other inmates and without any rational basis. This for filing grievances, challenging their falsifying evidence, challenging their not providing inmates with treatment for serious medical needs. Carter and Morrissey, according to e.mails and phone records, directed  be singled out and that defendants not follow their policies and practices as to me, make special policies as to me.

45. Brnovich by failing to ensure that he had put in place policies and practices

ATTACHMENT PAGE 5

that directed his employees not to direct ADOC violate their policies, not to create special policies, not to violate clearly established laws, caused my being denied equal protection

46. There is no rational or legitimate correctional and/or governmental goal served by defendants actions and their actions serve no rational goal.

## INJURY

I have been  since 2002 continuously denied treatment for my serious medical needs had my legal materials seized/lost, denied access to the courts.

## EXHAUSTION

I have exhausted my remedies.

## COUNT SIX
### FRAUD UPON THE COURT

47. The conduct in paragraphs 1 through 46 is continuous and the attachment to a April 26, 2016 e.mail, which I have never seen or advised of prior to April 26, 2016 confirm the contents of a September 2008 memo by Daryl Johnson asking that I be retaliated against and staff destroy evidence when it came to me. This e.mail attachment was circulated by Daryl Johnson, Klausner, Rogers. As this is extrinsic fraud Rooker Feldman does not bar my claims Kougasian v TMSL 359 F.3d 1136 (9th Cir. 2004) Specifically Carter and Morrissey in their capacities as advisors and special policymakers for defendants, created special policies as to me, that required the conduct in this paragraph be engaged in.

48. Corizon, Wexford, ADOC, Ryan, Attorney Defendants, Lawfirm Defendants in their capacities as officers of the court devised the unconscionable plan in the previous paragraph to deceive the courts. Pursuant to their scheme they in reckless disregard to the truth, intentionally and in order to prevent the judicial machinery from performing its impartial task of adjudication engaged in the conduct in this complaint.

49. Carter and Morrissey wear two hats, policymakers and lawyers. IN CV 11-0195 Carter as counsel concealed the fact that RAST was inaccurate as I was on prednisone. Had this been disclosed the results would have been different.

50. IN CV 99-20757 Morrissey concealed the fact that A.R.S. 31-201.01.L did not apply to me because the statute only applies to those whose crimes happened after the effective date of the Act. My crime happened in 1992. Carter did exactly what Morrissey did in CIV 02-14210; 14211 and other cases. The conduct that I describe in this complaint is fraud upon the court practiced pursuant to the

policies of ADOC and the Arizona Attorney General. Their policy is to in prisoner litigation conceal evidence, falsify evidence so as to prevent the court from performing the task of adjudication on the merits. Take away this fraud I would have prevailed.

## INJURY

I have been denied treatment for my serious medical needs, denied the right to practice my religion, singled out, denied access to the courts, denied access to my counsel, denied just compensation for my property lost pursuant to authorized established procedure.

## EXHAUSTION

I have exhausted my remedies

## COUNT SEVEN
## DENIAL OF ACCESS TO THE RECORDS

51.   A.R.S. 39-291 allows this court to review this claim. Ryan has the duty to provide inmates with healthcare, education, food, safety, security and these are public functions. If a private entity performs this function, it does not become private.

52. I asked Ryan for contract monitoring reports, contract compliance reports, policies, documents submitted with bids, grievances, CGAR Reports, CGAR CAPS, notices of substantial non-compliance, contract terminations, information reports, notice of claims, grants for programs for the nine months Wexford had the contract and for Corizon, Keefe, Trinity, Education for the period 1/1/16 to date.

53. It is the practice of ADOC to place these on CD's send these to CO III's for us to review them. ADOC does not charge inmates for this service as we cannot physically go to their offices and view them. Recently inmates Kenneth Wayne Reed and Carlos Bernal have been given these with no fees payable.

54. I was informed on January 16, 2018 by Hutchison, Glynn and Knoll that I will not be allowed to view these until pay in advance. Again I was singled out and denied access to records in the same manner all inmates have access.

55. I was also told that records about me shall not be given to me and that I should ask Parson counsel to give me the records on Parsons.

56. Parsons counsel does not have that duty and Ryan does.

57. In bad faith pursuant to Ryan's policies I was denied access to these records.

58. They should be directed to give me the records and as to what they do not to provide a Vaughn type document specific reason.

ATTACHMENT PAGE 7

## INJURY

I am being denied records on the same terms as every inmate is granted access.

## EXHAUSTION

I exhausted my remedies.

## COUNT EIGHT

## VIOLATION OF EIGHTH AMENDMENT

59. Brown v Plata, 131 S.Ct. 1910, 1940 (2011) provides for courts to release prisoners for continuous cruel and unusual punishment.

60. I with Justin Thrasher discuss this extensively in Amazon Kindle Release From Custody For Continuous Infliction Of Cruel And Unusual Punishment In Prisons. ASIN # B078X3h748 where we discuss the infliction in ADOC.

61. The conduct in this complaint entitles me to release pursuant to Brown as it serves no legitimate penal or governmental goal. Defendants have continued to deny me treatment for my serious medical needs, refused to allow me to practice my religion, denied me access to courts, and singled me out.

62. They have acted with deliberate indifference inflicting upon me undue and unnecessary pain and suffering.

## INJURY

I have been subjected to punishment not inflicted on others.

## EXHAUSTION

I have exhausted my remedies.

## COUNT NINE

## TAKING WITHOUT JUST COMPENSATION

63. Pursuant to Ryan's authorized established procedures to lose, destroy, confiscate inmate property, my property was taken without just compensation and there is no available state remedy according to Carter and Morrissey.

There is no available adequate post deprivation remedy because such loss of property is common and those who administer the post deprivation remedy process have been directed not to afford inmates relief. As such within the meaning of PLRA as interpreted in Ross v Blake, there is no available adequate post deprivation remedy.

64. I was convicted of crimes that happened prior to the effective date of A.R.S. 31-201.01.L and under the statute I have available state post deprivation remedies. However, at the urging of Morrissey and Carter Arizona Courts have stated that there are no available state tort remedies available for me.

ATTACHMENT PAGE 8

65. ADOC lost my legal materials, books, confiscate research materials sent by counsel, lost my typewriter and I filed grievances B03023;024;045;054;055; A14024; claim G20848 and others and was not provided just compensation.

66. These items of property were lost/taken/destroyed intentionally and pursuant to Ryan's policies and practices to lose/destroy/seize inmate property intentionally and there is no valid or rational governmental or correctional goal served by this loss. There is no rational or valid governmental goal for Morrissey and Carter to advise me and Arizona courts that under A.R.S. 31-201.01.L I have no available state tort remedy.

67. Had Ryan adequately supervised/disciplined/trained his employees who handle inmate property this would not have been lost. Ryan gave tacit authorization to this conduct.

## INJURY

My property, legal materials have been lost and I have no adequate remedy under state law. According to Morrissey and Carter I have no state tort remedy though the Arizona legislature specifically provided that the statute does not apply to those whose crimes were prior to the effective date of the statute, and mine was prior.

## EXHAUSTION

I have exhausted my state remedies.

## COUNT TEN
## VIOLATION OF STATE RICO

68. In Arizona Rico claims can be for personal injury Hannosh v Segal, 328 P.3d 1049 (2014)

69. In Living Designs Inc v E.I.DuPont, 2005 U.S. App.Lexis 26468 (9th Cir. Dec. 5, 2005) in the context of concealing evidence to induce settlements, the court found a valid RICO claim, no litigation immunity to the parties stating the law firms formed a distinct enterprise.

70. Defendants Conlon, Rappazzo, Blair, Hochuli, Hover, Grimm, Basha, Zwick, Foreman (hereinafter "Attorney Defendants")

71. Renaud Cook Drury Mesaros PA; Becken Petty, Ryan, Rogers, Morrissey, Glynn, Klausner, Rogers, Daryl Johnson, Erwin, Weber Gallagher Simpson Stapleton Fire & Newby LLP, Jones Skelton Hochuli, Corizon, Wexford, ADOC and The Arizona Attorney General formed a associated in fact enterprise within the meaning of Living Designs (hereinafter "Lawfirm Enterprise") engaged in and the activities

of which affect interstate

commerce.

72. A.R.S.–13–2301.C.7 defines a criminal syndicate as "an combination of persons
or enterprises engaging in, or having the purpose of engaging, on a continuing
basis in conduct that violates any one or more provisions of any felony statute.
Defendants Attorney Defendants, Lawfirm enterprise, Corizon, Wexford, Becken
Petty violated A.R.S. 13–2308.A.1 by their conduct in paragraphs 1 through 72.

73. Attorney Defendants, Corizon, Wexford and Becken OKeefe and Lawfirm
Enterprise pursuant to the scheme or artifice to defraud set forth in paragraphs
1 through 71 knowingly obtained me the benefits set forth in this complaint by
means of the materials omissions set forth in this complaint violating A.R.S.
13–2310. In Arizona benefits may be intangible and the benefits can be  personal
injury as stated in Hannosh.

74. Attorney Defendants, Corizon, Wexford and Becken OKeefe and Lawfirm
Enterprise violated A.R.S. 13–2312.A.B

75. Corruptly Attorney Defendants, lawfirm enterprise, Corizon, Wexford, Becken
Okeefe engage in and continue to engage in the conduct in this complaint to
influence or impede judges of the State Of Arizona, Officials of the State Of
Arizona, judges of the United States District and Circuit Courts in the performance
of their duties.

76. Attorney Defendants, ADOC, Corizon, Wexford and Becken OKeefe and Lawfirm
Enterprise have devised a scheme which calls for, in the event of violations of
inmate rights being established, the execution of "confidential settlement
agreements". The purpose of these agreements is to increase their profits, continue
with the violations, and ensure the matter is not made public. This is against
the public policy of truth seeking, fairness and ensuring proper adjudication of
claims on their merits. By so doing they are able to inflict and continue to inflict
harm upon inmates and harmed me and this injury was and is foreseeable when
these confidential settlement agreements are entered into.

77. During the discovery process in all litigation Corruptly Attorney Defendants,
lawfirm enterprise, Corizon, Wexford, Becken Okeefe aware of these agreements,
deny their existence, and fail to disclose their existence, and advise judges
reviewing the motions to compel when filed that they are not relevant. They
fail to disclose to the judges that the purpose of the agreements they entered
into was to make a profit and continue with the type of misconduct.

ATTACHMENT PAGE 10

78. Corruptly Attorney Defendants, lawfirm enterprise, Corizon, Wexford, Becken Okeefe as officers of the court are aware that they must be candid to the courts and not take any action that corrupts the truth seeking process. They however to prevent the judicial machinery from performing in its usual manner its impartial task of adjudging cases presented for adjudication, in violation of their duty of candor have engaged in the conduct with reckless disregard to the truth. In short they have established the authorized established procedure of entering into confidential settlement agreements in order to continue violating rights of inmates.

79. Attorney Defendants, Corizon, Wexford and Becken O Keefe and Lawfirm E enterprise and each of them, by the acts in this complaint as a consequence of violations of A.R.S. 13-2314.04.A, 13-2312.A.B; 13-2310.A by a pattern of unlawful activity conducted by and through the lawfirm enterprise as described in paragraphs 1 through 79 of this complaint caused me and are causing me reasonably foreseeable injury.

80. Attorney Defendants, Corizon, Wexford and Becken O Keefe and Lawfirm Enterprise and each of them by illegally controlling the lawfirm enterprise through the unlawful activity in this complaint, acquired control through their unlawful acts, thereby causing me reasonably foreseeable injury.    81. Corruptly Attorney Defendants, lawfirm enterprise, Corizon, Wexford, Becken Okeefe and each of them, have devised and controlled the lawfirm enterprise through its proceeds by acquiring or maintaining control by investment in the lawfirm enterprise.

82. Corruptly Attorney Defendants, lawfirm enterprise, Corizon, Wexford, Becken Okeefe and each of them, received income, derived directly and/or indirectly from the pattern of unlawful activity described in this complaint. They used or invested directly and/or indirectly, parts of such income, in the acquisition or control or an interest in or the establishment of or operation of the lawfirm enterprise.

83. Corruptly Attorney Defendants, lawfirm enterprise, Corizon, Wexford, Becken Okeefe and each of them through a pattern of unlawful activity or unlawful acts acquired or maintained control directly or indirectly interest or control of the lawfirm enterprise.

84. Corruptly Attorney Defendants, lawfirm enterprise, Corizon, Wexford, Becken Okeefe and each of them employed by or associated with the lawfirm enterprise conducted or participated directly or indirectly in the conduct of the affairs of the lawfirm enterprise through a pattern of unlawful acts.

ATTACHMENT PAGE 11

85. Corruptly Attorney Defendants, lawfirm enterprise, Corizon, Wexford, Becken Okeefe  and each of them aware that their actions violated clearly established law, agreed to and engaged in the course of conduct in this complaint causing me reasonably foreseeable injury, refusing to exercise their power, authority, ability to prevent the conspiracy, conspired to violate A.R.S. 13-2314.04.A

86. I have been caused reasonably foreseeable injury in my person and property as a direct and proximate cause and consequence of the conduct  of the  Attorney Defendants, lawfirm enterprise, Corizon, Wexford, Becken Okeefe   and each of them.

## INJURY

I have been subjected to injury that is not authorized by my sentence hospitalized, have high blood pressure, severe pain, not receiving effective treatment and being denied meaningful access to the courts.

## EXHAUSTION

I have exhausted my remedies.

## COUNT ELEVEN
## VIOLATION OF RICO

87. Attorney Defendants, Corizon, Wexford and Becken OKeefe are persons capable of holding legal and//or beneficial interest in property.  Lawfirm Enterprise is engaged in and the activities of it affect interstate commerce. The first act occurred after the effective date of RICO and the last act within four years of the first act.

88. Corruptly Attorney Defendants, lawfirm enterprise, Corizon, Wexford, Becken Okeefe engage in and continue to engage in the conduct in this complaint to influence or impede judges of the   United States Courts and the United States Courts in the performance of their duties.

89. Attorney Defendants, ADOC, Corizon, Wexford and Becken OKeefe and Lawfirm Enterprise have devised a scheme which calls for, in the event of violations of inmate rights being established, the execution of "confidential settlement agreements". The purpose of these agreements is to increase their profits, continue with the violations, and ensure the matter is not made public. This is against the public policy of truth seeking, fairness and ensuring proper adjudication of claims on their merits. By so doing they are able to inflict and continue to inflict harm upon inmates and harmed me and this injury was and is foreseeable when these confidential settlement agreements are entered into.

90. During the discovery process in all litigation Corruptly Attorney Defendants, lawfirm enterprise, Corizon, Wexford, Becken Okeefe aware of these agreements, deny their existence, and fail to disclose their existence, and advise judges reviewing the motions to compel when filed that they are not relevant. They fail to disclose to the judges that the purpose of the agreements they entered into was to make a profit and continue with the type of misconduct.

91.  Corruptly Attorney Defendants, lawfirm enterprise, Corizon, Wexford, Becken Okeefe as officers of the court are aware that they must be candid to the courts and not take any action that corrupts the truth seeking process. They however to prevent the judicial machinery from performing in its usual manner its impartial task of adjudging cases presented for adjudication, in violation of their duty of candor have engaged in the conduct with reckless disregard to the truth. In short they have established the authorized established procedure of entering into confidential settlement agreements in order to continue violating rights of inmates.

92. Attorney Defendants, Corizon, Wexford and Becken OKeefe and Lawfirm E enterprise  and each of them, by the acts in this complaint corruptly endeavored to influence/impede  the due administration of justice and endeavor to influence/impeded the judges of the United States Courts and United States Courts in the performance of their duties  in violation of 18 U.S.C. 1503.

93. By a pattern of racketeering activity they conducted by and through the lawfirm enterprise as described in paragraphs 1 through 90 of this complaint caused me and are causing me reasonably foreseeable injury.

94. I would have prevailed in CIV 11-0195; CIV 13-0615; CIV 15-0140; CIV 9920757; CIV 002-14210; CIV 02-14211; CIV 02-15874 had confidential settlement agreements been disclosed.

95. Attorney Defendants, Corizon, Wexford and Becken OKeefe and Lawfirm Enterprise  and each of them engaged in violations of 18 U.S.C. 1503 and committed at least two acts of racketeering entering into and concealing confidential settlement agreements and not disclosing them. They received income from the lawfirm enterprise directly or indirectly through a pattern of racketeering activity which is continuous in violation of 18 U.S.C. 1962(a).

96. Attorney Defendants, Corizon, Wexford and Becken OKeefe and Lawfirm Enterprise  and each of them through a pattern of racketeering activity acquired and maintained control of the lawfirm enterprise, engaged in and the activities of which affect interstate commerce violating 18 U.S.C. 1962(b).

97.    Attorney Defendants, Corizon, Wexford and Becken O Keefe and Lawfirm Enterprise  and each of them are associated with the lawfirm enterprise through a pattern of racketeering activity conducted and/or participated,  directly and/or indirectly, in the conduct of the affairs of the enterprise which is engaged in and the activities of which affect interstate commerce violating 18 U.S.C. 1962(c).

98.    Attorney Defendants, Corizon, Wexford and Becken O Keefe and Lawfirm Enterprise  and each of them conspired to violate 18 U.S.C. 1962(a)(b)(c) violating 18 U.S.C. 1962(d)

<u>INJURY</u>

I have been injured in litigation as fully described in this complaint.

<u>EXHAUSTION</u>

I exhausted my administrative remedies.

ATTACHMENT PAGE 14

# ARIZONA DEPARTMENT OF CORRECTIONS
# INMATE GRIEVANCE APPEAL RESPONSE



| Log # | Inmate Name | ADC# | Case # | Complex | Unit |
|---|---|---|---|---|---|
| 724 | Tripati | 102081 | C14-105-013 | Tucson | Manzanita |

In your grievance filed at Manzanita Unit, you claim Julia Erwin ordered that you not be allowed copies and legal supplies for the cases in which you have been found indigent by federal judges. You also assert that you should be allowed certified statements for federal cases.

Your grievance appeal has been reviewed at Central Office and the Warden's response is affirmed. This issue was addressed in a letter to you by the Director on 03/10/09, and will not be addressed again.

Please refer to your copy of the letter attached to this grievance. No further action is warranted in this matter.

cc: Warden, Tucson Complex
    Deputy Warden, Manzanita Unit

cd

_____
Appeals Officer

_____  FOR
Charles L. Ryan, Director

12/23/13
**Date**

# ARIZONA DEPARTMENT OF CORRECTIONS

### Inmate Letter Response

> For distribution: Copy of corresponding Inmate Letter must be attached to this response.

| Inmate Name *(Last, First M.I.)* | ADC Number |
|---|---|
| Tripati, Anant | 102081 |

| Institution/Unit |
|---|
| Tucson-Manzanita |

| From | Location |
|---|---|
| J. Erwin- Legal Access Monitor | Central Office |

I am responding on behalf of Contract Paralegal, Barbara French, to your letter dated June 5, 2013.

After careful research and review, it appears that you have used up your three strikes in federal court, and they wouldn't consider you to be indigent, unless you can show that your life is in danger. You cannot proceed in forma pauperis due to your three strikes. On the bottom of the 1983 instructions you provided it states this: "If you file more than three actions or appeals which are dismissed as frivolous, you will be prohibited from filing any other action in forma pauperis unless you are in imminent danger of serious physical injury."

Also, in USDC CV 10-0429 Tripati v. Brewer, a court order filed September 1, 2010 states the following in one of its footnotes:

"Plaintiff has accrued three strikes under 28 U.S.C. § 1915(g), which precludes a prisoner from incrementally paying the filing fee pursuant to the Prisoner Litigation Reform Act, absent allegations to support the imminent threat of serious physical harm. Plaintiff is currently subject to a pre-filing order issued by the Ninth Circuit Court of Appeals. In re Tripati, No. 93-80317 (9th Cir. May 21, 2010)".

In conclusion, ADC will not provide you an additional certified copy free of charge, unless you pay in advance as stated in Director Ryan's letter. Moreover, you are not being denied meaningful access to the courts.

| Staff Signature | Date |
|---|---|
| | 06/06/2013 |

Distribution: Original - Central Office Master File
　　　　　　Copy - Inmate
　　　　　　Copy - Institutional File

—2—

816-2
6/13/10