Anant Kumar Tripati 102081
Arizona State Prison-east Unit
Post Office Box 5000
Florence, Arizona 85132

Plaintiff, Pro Per



## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

ANANT KUMAR TRIPATI,

                     Plaintiff.

Vs.

CORIZON INC et al.,

    Defendants.

CIV 18-0066  TUC RM

MOTION TO WAIVE   LRCIV. 3.4(a)
TO FILE FIFTH AMENDED COMPLAINT IN 13 POINT

      As Plaintiff was informed by an inmate who reviewed the complaint that it was 12 points not 13, Plaintiff has had the complaint typed in 13 point and asks the court he be allowed to file this. He apologizes for this error. Plaintiff, moves the court to waive compliance with LRCiv. 3.4(a). the Court approved form has six pages and allows fifteen additional pages making it a total of 21 pages. Plaintiff asks that he be allowed to exceed that page limits by nine pages. In support thereof he submits: that he has made appropriate corrections to the complaint as follows:

      When Plaintiff was moved to East Unit Defendants knew that East Unit could not treat Plaintiff's medical condition because East Unit medical is not open 24 hours and Plaintiff could not continue to receive medication every eight hours as ordered August 28, 2014 and when Plaintiff received until he came to East Unit. They knew this posed a substantial risk of harm to Plaintiff.

## WHY THIS IS NOT PRECLUDED

Paul Carter concealed from the court that prednisone rendered the RAST results invalid. A April 26, 2016 e.mail from Erwin to Brennan that Plaintiff saw for the first time shows that this was don pursuant to their scheme to defraud the court.

## WHY THIS COULD NOT BE RAISED PREVIOUSLY

The attachment to the April 26, 2016 Erwin email which Plaintiff saw for the first time in July 2016, confirm a September 2008 Johnson memo that evidence be destroyed. This is why this could not be raised previously. SEE FOOTNOTES 1 THROUGH 5.

## DENIAL OF ACCESS TO THE RECORDS

DEPARTMENT ORDER 201.01.1.6 shows Ryan is the custodian of records. There is no provision in DO 201 for ADOC to charge inmates or anyone for reviewing the records. A.R.S. 39-291 allows this court to review this claim as it is integrally tied to the other claims. Ryan has the duty to provide inmates with healthcare, education, food, safety, security and these are public functions. If a private entity performs this function this does not become pirvate.

Plaintiff asked Ryan to provide his CO III on CD's for viewing contract monitoring reports, contract compliance reports, certain technical manuals, policies, documents, documents submitted with bids, grievances, CGAR reports, CGAR CAPS, notices of substantal non-compliance, contract terminations, information reports, notice of claims, grant for education/programs received in nine months, information as to Wexford for the Nine months and information on Corizon, Wexford, Trinity, Keefe for 1/1/16 to date.

Plaintiff also asked for all e.mails, memos, letters, information reorts, reorts that reference Plaintiff.

As inmates cannot go and get these ADOC places these on CDS and send these to the COII for inmates to view. It charges no fees for this. NO COPIES ARE GIVEN TO INMATES. Inmate Bernal, Reed have been given access to similar records to view on CDs and at no charge.

Wherefore Plaintiff asks he court for leave to amend.


Respectfully submitted,

ANANT KUMAR TRIPATI

<u>FOOT NOTES</u>

(1) "Release As A Remedy For Excessive Punishment" Alexander Reinert.

" An Intersection of Law And Order; Federal Courts", by Stefan J. Bachman

" " Brown v Plata " by Benjamin F. Krolikowski

" Plata v Brown and Realignment" by Margo Schlange.

" A Constitutional And Political Highwire" By Joseph Parsons

' To Free Or Not To Free" by Kyle T. Sullivan

All Argue that Plata applies for Release claims by individual prisoner for Continuous Cruel and Unusual Punishment [Count 8]

2| February 14th, 2018 N.P. Kary informed Plaintiff That though

— 1 —

2) there is no medical necessity for him to eat meat and violate his Religions tenets by order of Defendants she cannot order that Diet - The Current claim is based on the February order. Had Paul Carter not presented the false past result Plaintiff would have Prevailed, Res Judicata does not Bar this claim though there are overlapping facts MARVEL Characters Inc v Simon 310 F.3.D 28', 2AF (2N - 2002) Thomas V Evans 880 F2D 1235 (11th Cir. 1989) (Count One, Two)

3) On April 26, 2016 Erwin sent a email to Lt III Brennon with an attachment, which for the first time Plaintiff saw. That e-mail confirms to Johnson Memo (Ex A) Asking Adoc employees to

"FIREWALL THIS Inmate AND OTHERWISE PREVENT Him From gaining further inroads to Progress, AND IF

-2-

Any Judge gives him
A hearing, the cost to
the Department may
indeed prove DETRIMENTAL."

As Reflected By these attached
Exhibits I have BEEN Singled
out and targeted

Erwin in violation of DO 902 Director
I NOT have access to the use of
legal mail legal supplies legal copier
See also Doc 10 Exh. Other inmates
have to send my mail.

Though I have use of THE
Computer to view CDs Et A, Etho
Inmates can use computers to type/
Prepare education documents, I
Am NOT Allowed.

Mr. Jacob Levitan U.S. Supreme
Court Rejected my certiorari
Petition Because it is not
in Booklet Format Doc 10 Exh.
This was A Challenge to my
Sentence And Convictions

— 3 —

I have to send Documents to
Australia N.K. New Zealand so my
family can type them. Counts 4, 5, 6, 7,
9.

4) By Boilerplate objections E & B,
Defendants Conceal / Falsify
evidence. If this was isolated one
would understand. It is systemic
& F.

5) Inmates Now cannot grieve every
violation As they are subjected to
A Violations segregation & D.
I have been told that I cannot
grieve every Act by Dossett,
Moriarty.

— 4 —

CIV 18- 0066 RM