Anant Kumar Tripati
Name and Prisoner/Booking Number
107081
Place of Confinement
BMD SMU
Mailing Address
Florence  Az  85132
City. State. Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

☒ FILED    ☐ LODGED

# Jan 29 2019

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

Anant Kumar Tripati
(Full Name of Plaintiff)

Plaintiff,

v.

(1) Corizon Inc ,
(Full Name of Defendant)

(2) DR. Calvin Johnson,

(3) R. Anderson Fiatt

(4) Tracy Nolan ,

Defendant(s).

☒ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. CIV 18 - 0066 RM
(To be supplied by the Clerk)

### CIVIL RIGHTS COMPLAINT
### BY A PRISONER

☐ Original Complaint
☐ First Amended Complaint
☒ Second Amended Complaint

### A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☒ Other: 28 USC 1332 1307 I Am A British
   Citizen Defendants of Az Tri. Py See 1A

2. Institution/city where violation occurred: Eoes unit

Revised 3/11/16

# 550/555

## JURISDICTION CONTINUED

The amount in controversy exclusive of interest and costs exceeds $250,000 Alien ort Claims Act confers jurisdiction as I am a British citizen and an alien under the ATCA. The events happened in the Lewis, Eyman, Florence, Douglas, Tucson complexes. This complaint relates to conduct May 22, 2016 to date.

## DEFENDANTS

1. WOODROW MYERS;
2. HAROLD ORR;
3. JONATHAN WALKER;
4. SCOTT BOWERS
5. BECKEN PETTY O'KEEFE & COMPANY
6. LUCY LYONS
7. DR. LUCY  BURCIAGA
8. CHRISTINA     ARMENTA
9. TAMARA  PORTER ;
10. ANGELA MARTINEZ
11. DR. CHRISTOPHER JOHNSON
12. DR. GLEN BABICH;
13. JOANNAH GRAFTON-BURNS ;
14. DR. WINFRED WILLIAMS ;
15. ANNE MARIE SMITH-WHITSON
16. KEVIN CURRAN
17. GEORGE OSLER
18. DANIEL MORENO
19. JOSE RAMOS
20. GLENN SCHLETTER
21. MARLENE BEDOYA
22. Debra Han
23. PANNAN DAYS
24. GLEN PACHECHO
25. ANNA JACOBS
26. JULIA ERWIN
27. JULIETTE  RESPICIO-MORIARTY
28. HEATHER RICHARDSON
29. TIMOTHY LAWRENCE
30. CHERYL DOSSETT
31. ELIZABETH VALENCIA
32. DR. DAVID ROBERTSON
33. STACY CRABTREE
34. DARYL JOHNSON
35. CHARLES RYAN
36. SUSAN ROGERS
37. KARYN KLAUSNER
38. COURTNEY GLYNN
39. RICHARD PRATT

40. BETTY ULLIBARRI
41. MARK BRNOVICH
42. KELLY JOAN MORRISSEY
43. PAUL EDWARD CARTER
44. WEXFORD HEALTH SOURCES
45. JOSEPH SCOTT CONLON;
46. CHALRES STEDMAN HOVER III;
47. TIMOTHY REGIS GRIMM II;
48. KRISTIN WHITNEY BASHA;
49. RENAUD COOK DRURY MESAROS PA;
50. JONAH RAPPAZZO;
51. BRANDI BLAIR;
52. EDWARD HOCHULI;
53. SAMUEL H. FOREMAN;
54. WEBER GALLAGHER SIMPSON STAPLETON FIRE & NEWBY LLP;
55. JONES SKELTON HOCHULI;

## B.  DEFENDANTS

1.   Name of first Defendant: ___Corizon Inc___    The first Defendant is employed
as: ___Healthcare provider___ at ___Axor___ .
(Position and Title)                              (Institution)

2.   Name of second Defendant:___Dr. Calvin Johnson___    The second Defendant is employed as:
as: ___Policymaker Corizon___ at ___Tennessee___ .
(Position and Title)                              (Institution)

3.   Name of third Defendant: ___Dr. Andrew Frist___ .    The third Defendant is employed
as: ___Policymaker Corizon___ at ___Tennessee___ .
(Position and Title)                              (Institution)

4.   Name of fourth Defendant: ___Tracy Nola___ .    The fourth Defendant is employed
as: ___Policymaker Corizon___ at ___Tennessee___ .
(Position and Title)                              (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?    ☑ Yes    ☐ No

2.   If yes, how many lawsuits have you filed? ___3 Plus___ .  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.  Parties: ___Trafford___ v. ___Corizon___
      2.  Court and case number: ___CV 13 – 0615___
      3.  Result: (Was the case dismissed?  Was it appealed?  Is it still pending?) ___On Appeal Counsel appointed___

   b.  Second prior lawsuit:
      1.  Parties: ___Trafford___ v. ___Hola___
      2.  Court and case number: ___CV 15 – 0140___
      3.  Result: (Was the case dismissed?  Was it appealed?  Is it still pending?) ___On Appeal Briefing Stayed Pending Disposition of Motion for Counsel___

   c.  Third prior lawsuit:
      1.  Parties: ___Trafford___ v. ___Corizon___
      2.  Court and case number: ___CV 16 – 0202___
      3.  Result: (Was the case dismissed?  Was it appealed?  Is it still pending?) ___Appeal Pending___

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

## DEFENDANTS CONTD

a.  WOODROW MYERS; HAROLD ORR; ;   JONATHAN WALKER; KAREY WITT;SCOTT BOWERS; are policy makers Of Corizon Inc in Tennessee.

b.  BECKEN PETTY O'KEEFE & COMPANY is the financial backer of Corizon without whom there would be no Corizon.  Hereinafter BPOC

c.  LUCY LYONS is a Corizon nurse; DR. LUCY  BURCIAGA a Corizon provider ;    CHRISTINA ARMENTA a Corizon provider;     TAMARA  PORTER a Corizon nurse;          ANGELA MARTINEZ a Corizon nurse; in Tucson.

d.  DR. CHRISTOPHER JOHNSON DR. GLEN BABICH; Corizon provider; JOANNAH GRAFTON-BURNS Corizon provider in East Unit.

e.  DR. WINFRED WILLIAMS Corizon Regional Director.

f.  ANNE MARIE SMITH-WHITSON Deputy Warden East Unit. KEVIN CURRAN Warden Florence ; GEORGE OSLER Mailroom officer Florence ; DANIEL MORENO Mailroom officer Florence; JOSE RAMOS Mailroom officer Florence;   GLENN SCHLETTER Mailroom officer Florence;

g.  MARLENE BEDOYA registered nurse; Debra Han was CO IV     PANNAN DAYS Deputy Warden; GLEN PACHECHO Deputy Warden; ANNA JACOBS Deputy Warden in Tucson.

h.  JULIA ERWIN   Legal Monitor ADOC ;JULIETTE   RESPICIO-MORIARTY Medical appeals ADOC ; HEATHER RICHARDSON Appeals ADOC; TIMOTHY LAWRENCE Regional Director ADOC ;  CHERYL DOSSETT Appeals ADOC ; ELIZABETH VALENCIA Appeals ADOC ; DR. DAVID ROBERTSON Medical manager ADOC ; STACY CRABTREE Classification Officer ADOC ; DARYL JOHNSON Legal Monitor ADOC ; CHARLES RYAN Director ADOC ; SUSAN ROGERS Counsel ADOC; KARYN KLAUSNER Counsel ADOC ; COURTNEY GLYNN Counsel ADOC; RICHARD PRATT Medical Director ADOC

i.  BETTY ULLIBARRI paralegal ADOC

j.  MARK BRNOVICH Attorney general; KELLEY JOAN MORRISSEY Asst. AG; PAUL EDWARD CARTER Asst. AG. ,

k.   1WEXFORD HEALTH SOURCES was healthcare provider.

l.   JOSEPH SCOTT CONLON; CHALRES STEDMAN HOVER III; TIMOTHY REGIS GRIMM II; KRISTIN WHITNEY BASHA; RENAUD COOK DRURY MESAROS PA; counsel Corizon.

m.   JONAH RAPPAZZO; BRANDI BLAIR; EDWARD HOCHULI;SAMUEL H. FOREMAN; WEBER GALLAGHER SIMPSON STAPLETON FIRE & NEWBY LLP; JONES SKELTON HOCHULI; Counsel                                                                                        Wexford.

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
        Eighth Amendment _____

2.   **Count I.**  Identify the issue involved.  Check only one.  State additional issues in separate counts.
   ☐ Basic necessities      ☐ Mail           ☐ Access to the court    ☑ Medical care
   ☐ Disciplinary proceedings  ☐ Property       ☐ Exercise of religion   ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what each Defendant did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

MY DIAGNOSED SERIOUS MEDICAL CONDITIONS
   1. I have been diagnosed with high blood pressure, hypoglycemia, urology
   issues, shakes, tremors, food allergies to soy, wheat, dairy, beans, peanuts
   and gluten, allergies, chronic pain, chronic constipation, ~~without~~ Brought a
                  ABILITY TO CONTROL AND EFFECT
   2. High blood pressure is both preventable and treatable. Left untreated
   it can cause heart attack, heart failure, kidney failure, stroke, dementia
   and loss of vision.  It is caused by sensitivity to salt, diet and pain.
   People with high blood pressure have other medical conditions also.
                        MONITORING
   3. My blood pressure is on an average 170/100 and is monitored daily. However
   monitoring does not mean anything if the proper treatment is not given.
                  MEDICATION SINCE JUNE 2017
   4. Since June 2017 I have been given Cadura, Finnasteride, Omeraprazole,
   ~~Lisinipril~~, Amlodipine, Cetrizine, Senna, ~~Hydrochlorothyazide~~, Flonase. LOSARTAN

                              (SEE ATTACHMENT)    Page 1 to 6
                                                  Para 5 to 58

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
   I am not being given proper treatment for my blood pressure and medical condition
   and my pain is unbearable.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                ☑ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count I?                   ☑ Yes   ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?          ☑ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

## COUNT II

1. State the constitutional or other federal civil right that was violated: _____
   RLUIPA                                                                                    .

2. Count II. Identify the issue involved. Check only one. State additional issues in separate counts.

   ☐ Basic necessities      ☐ Mail          ☐ Access to the court    ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property   ☒ Exercise of religion   ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3. Supporting Facts. State as briefly as possible the FACTS supporting Count II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   ~~A.~~ This issue could not be raised in CIV 11-0195 because Paul Carter perpetrated fraud upon the court. He concealed from the court the fact that the RAST test was inaccurate because of the effects of prednisone. As a Hindu I cannot eat meat and have diagnosed food allergies. I am not asking for ~~any specific meal, but a vegetarian diet, without the food items I have allergies to—soy, wheat, dairy, beans, nuts, gluten. Days, Pachecho,~~ Robertson, Dossett, Richardson, Williams, Grafton, ~~Respicio-Moriarity~~, Clynn and Chris Johnson aware that there is no medical necessity for me to eat meat, have refused to order I be given a vegetarian diet that comports to both my religion and medical needs. They are able to do this as evident by East Unit giving me the diet. I have no alternative means of exercising my rights and there is no valid rational connection for them to not give me ~~the diet. There is no compelling government interest in defendants denying~~ ~~me this right and their actions are not the least restrictive means. They~~ ~~have done so pursuant to Ryan's policies to impede the ability of inmates~~ to practice their religions. (SEE ATTACHMENT)  Page 2 to 6

   Para 59 to 60

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).

   I am unable to eat the meals I get as they have meat and my religion forbids eating of meat. East Unit for a while gave me a vegetarian diet that was free of foods I have allergies to, but have stopped as ADOC policy does not allow this.

5. Administrative Remedies.

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                   ☒ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count II?          ☒ Yes   ☐ No
   c. Did you appeal your request for relief on Count II to the highest level?   ☒ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____.

4



**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
    FIRST AMENDMENT

2.  **Count III.** Identify the issue involved. Check only one. State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail              ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion   ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☑ Other: ___Counsel___

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    ~~B.~~ Every piece  of legal mail I receive has the name of the lawyer, his/her address Osler, Schletter, Moreno, Ramos admitted in writing that they on July 20, 2017 opened two pieces of my legal mail from attorney Fred  Romero, ~~properly addresed This is  not the first time this has happened and when~~ ~~this happened previously I advised my CO III Brennan  and asked that staff~~ ~~be careful.~~
    ~~3 Osler, Ramos, Schleter, Moreno disciplined  me and the ticket was~~ ~~dismissed.~~
    ~~C~~ They took privileged communications from these mail and published them on ADC computers. According to them they  opened the mail as the post mark was not from California and that they obtained the lawyers permission before ~~they opened the mail. However the lawyer states he did not give any such~~ ~~permission.  They called counsel and threatened him according to counsel.~~ ~~Counsel states they were forcing him to say that he did not send the mail,~~ ~~but he refused to say so. because. he sent the mail. At no time have I waived~~ any privilege  or authorized defendants to open, read, publish any communication from/to my lawyers.(see ATTACHMENT)  Page  6 to 7
    Para 61 to 66

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
    ~~I am unable to obtain advice from counsel on matters that affect my pending~~ challenges to my criminal case, ~~pending issues before this and other courts~~ because of which I recently had CIV 16-00282 dismissed.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                              ☑ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count III?              ☑ Yes    ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?     ☑ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

I demand a trial by the court, costs, fees, an order that I be treated and relief for the misconduct in this complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

## COUNT ONE CONTINUED
## MEDICATION SINCE JUNE 2017 NOT HELPING

5.     The medication that I am being given since June 2017 is not helping. Instead everytime my blood pressure is taken it is high and I am given clonodine. It drops my pressure for a few hours and rises again. Monitoring by Corizon shows that the medications since June 2017   show this is not helping. High blood pressure is both preventable and controllable; left untreated it can cause heart attack, heart failure, kidney failure, stroke, dementia and loss of vision. It is caused by sensitivity to salt, diet, and pain. People with high blood pressure have other medical conditions also. Pain, shakes, tremors can be controlled by medication. Plaintiff has been denied treatment for these conditions.

## MEDICATION THAT I GOT IN TUCSON

6.   Augst 28th, 2014 the Chief Clinical Officer of Corizon changed Plaintiff's medication regime to every eight hours. She ordered Plaintiff receive prednisone, gabapentin, zyrtec, doxazosin, finnasteride, flonase, senna which he received and which    helped Plaintiff's medical condition. She also orderd there is no need for Plaintiff to eat meat as required by his religious tenets.

## DIET SINCE JUNE 2017

7.   In June 2017 Dr. Chizoba Ngwube ordered an allergy diet for Plaintiff. She advised Plaintiff that she could not order the diet Plaintiff needs and ordered August 28, 2014 because Dr. David Robertson shall deny that diet. She also advised Plaintiff she could not order Plaintiff receive an allergy diet without salt because it is against ADOC policy to order such a diet.

## DIET DENIED

8.   East Unit for a while gave Plaintiff a vegetarian diet without the food items I have allergies to and without sale.   However, they   have been directed   not to give Plaintiff that diet. Hence I am unable to eat the food I am served, because it has meat and I as a Hindu cannot eat flesh.

## DEFENDANTS KNEW EAST UNIT COULD NOT TREAT PLAINTIFF'S MEDICAL CONDITION

9.    East Unit medical is not open 24 hours and defendants knew this, in spite of this knowledge they moved me to East Unit. They knew that I could not receive the treatment I received in Tucson in East Unit. February 1, 2018 I was told that I shall be given the 24 hours dosage of medication in 8 hours and this will again has aggravated my condition.

10. When Plaintiff was moved to East Unit Defendants knew that East Unit could not treat Plaintiff's medical condition because East Unit medical is not open 24 hours and Plaintiff could not continue to receive medication every eight hours as ordered August 28, 2014 and when Plaintiff received until he came to East Unit. They knew this posed a substantial risk of harm to Plaintiff.
## FEBRUARY 1, 2018

**ATTACHMENT TRIPATI v CORIZON SECOND AMENDED COMPLAINT** Page 1 of 17

11. I was told February 1, 2018 <u>and September 7, , 2018</u> that I now have serious lung problems and instead of ensuring that I get medication every eight hours, they will give me medication between 8am and 3pm. This medication dispensation schedule will aggravate my condition because there is not enough medication in the system 24 hours to relieve the condition, pain and breathing issues that I face. <u>Plaintiff was advised he has bronchial asthma, COPD and other lung related issues due to second hand smoke. Plaintiff was previously on prednisone which relieved this condition and since he has been off prednisone his breathing problems ensued. However East Unit medical staff refuses to give Plaintiff the treatment that is necessary. Had Ryan when I previously complained ensured that tobacco products were not sold in prisons I would not have got bronchial issues as I do not smoke.</u>

12. <u>Defendants have acted with deliberate indifference to Plaintiff 's diagnosed serious medical needs, acting in accordance with Corizon and Ryan's customs, traditions, policies, inflicting upon Plaintiff unwanted pain and suffering.</u>

13. <u>Had BPOC not provided Corizon financial support after it knew or should have known that Corizon and its principals have had a history of delaying/denying treatment to inmates for their serious medical neeeds, none of the conduct would exist.</u>

14. <u>Had Ryan after becoming privy through reports, audits of Corizon that in Arizona Corizon was delaying/denying treatment to inmates for their serious medical needs, not given Corizon a $3,000,000 plus bonus and had he not reduced penalties, Corizon would not contnue with the conduct.</u>

## CHANGE BY CORIZON THAT HELPED

15. August 28, 2014 the Chief Clinical Officer of Corizon directed I be given medication every eight hours. This managed my condition. I cannot get this in East Unit because East Unit medical is not open 24 hours.

16. August 28, 2014 the Chief Clinical Officer of Corizon directed I receive an allergy diet without so, wheat, dairy, beans, nuts, gluten and peanuts and as there is no medical necessity for me to eat meat, the diet could be vegetarian, to accomodate my religious tenets.

17. On January 25, 2015 the Medical Director of ADOC in grievance C14119014 approved me having the diet. However Angela Martinez directed Dr. Bonnie Goodman not to give me the diet. As a direct consequence I a not given the diet.

18. Upon the directives of Carter and Erwin, Dossett and Richardson directed that I not be given a medical diet that satisfies my religious tenets and I am not. <u>On 9/12/14, 5/29/18, 6/21/18 Corizon again found that  I should receive an allergy diet as ordered 8/28/14. Dossett has directed me in writing that I me not to grieve this issue.</u>

19. On Aril 21, 2016 Han was directed by Dossett to file a grievance I filed. Aware that East Unit could not accommodate my medical needs, e.mails and phone logs show, that Han contacted days, Pachecho, Armenta, Porter, Burciaga and Crabtree. They then moved me to East Unit aware that I cannot get the treatment in East Unit.

20. Grafton, Chris Johnson aware that I could not receive the treatment I received in Tucson, refused to take action to ensure I receive that treatment, advised me that I was going to receive that treatment. I have not.

**ATTACHMENT TRIPATI v CORIZON SECOND AMENDED COMPLAINT** Page 2 of 17

21. I did not ask to be placed in protective custody. However, acting pursuant to ADOC and Corizon's policies and practices, to retaliate against those who use the grievance, judicial processes, who seek treatment for their serious medical needs, on April 21, 2016   Han spoke to Dossett, Erwin, Crabtree, Days, Pacheco, Burciaga, Armenta, Martinez and Porter and had me moved to East Unit. East Unit is known systemwide as being a defacto protective custody unit. Inmates who move out of East Unit are as a matter of general rule beaten up and not safe in other units. Williams, Chris Johnson, Grafton,  , Smith-Whitson, Respicio-Moriarity, Dossett, Richardson, Crabtree, Valencia,  aware of this fact refused to order/request I be sent back to Manzanita or a unit that is not a protective custody unit.

22. Defendants placed me in involuntary protective custody, placing my safety and security in jeopardy with knowledge that they were doing this.

23. ADOC/ Corizon's unwritten policies and practices conflict with its written policies and guidelines and the written contracts Corizon has to provide inmates with health care.

24. Chris Johnson, Grafton,  , Smith-Whitson, Respicio-Moriarity, Dossett, Richardson, Crabtree, Valencia,  Robertson, and Williams have refused to provide treatment for diagnosed conditions, treatment which was given and which managed Plaintiff's condition until their refusal.

## THE IMPACT OF NOT GETTING THE TREATMET

25. Because I did not receive the treatment I was getting, now my blood pressure is on an average 170/100 and generally over 150/90    is monitored daily and is getting worse. However monitoring does not do anything as the pain, shakes, tremors are no treated.

26. I have been informed that Babitch has directed I not continue to receive the treatment, no matter what happens with my blood pressure and pain because Corizon will not spend money for the treatment I received and that helped. Babich has directed  NP Karey not to reat Plaintiff's pain and not have Plaintiff seen by specialists, as the costs is expensive and not give Plaintiff the treatment he received in Tucson which helped.

## ROBERTSON/DOSSETT/PRATT

27. . Robertson, Dossett, Pratt aware of the conduct in paragraphs 1 through 26 adversely  affect my   serious medical needs, refuse  to take any action to ensure Plaintiff receive the treatment that managed his condition, though they have had the authority and duty to,.

## FRAUD UPON THE COURT

28. Carter, Klausner, Daryl Johnson, Burciaga, Williams, Respicio Moriarity, Robertson did not advise the court in CIV 11-0195  that due to my being on prednisone the RAST test results were incorrect.  Prednisone renders RAST invalid.   They knew this fact that prednisone alters RAST results. I lodged a complaint with Arizona Medical Board and they initiated proceedings against Dr. Williams because his directives that I be given RAST violates established medical practices.

29. Had the court been advised that RAST results were inaccrate the results would have been different in CV 11-0195. They submitted this material false evidence to Judge Tashima with knowledge that it was material  and false.

## WHAT HAPPENS WHEN I EAT THE FOOD

**ATTACHMENT TRIPATI v CORIZON SECOND AMENDED COMPLAINT  Page 3 of 17**

30. When I eat food with the allergy items my blood drops, I sweat, my blood sugar drops, have severe shakes and tremors <u>I vomit and nearly died five times. I was hospitalized five times and has had about 40 medical emergencies in prison.</u>

## POLICIES OF CORIZON AND ADOC

31. <u>Defendants, and each of them, through e.mails sent by Daryl Johnson and Julia Erwin are aware that</u> I have written extensively about the practices of Corizon <u>and ADOC /ARIZONA Attorney General</u> in the following Amazon Kindle books among others ;

*Litigation Fraud By Government Counsel In Civil Litigation.

*Administrative Remedies In Prison.

*Release As A Remedy For Continuous Cruel And Unusual Punishment.

32. It is the policy and practice of Corizon and ADOC to delay/deny treatment for our serious medical needs and this is evidenced by statements by Magistrate Judge David Duncan and number of inmate deaths. <u>During a hearing Ryan blamed Corizon for not providing inmates with treatment for their serious medical needs. Ryan aware of this and to ensure inmates are denied treatment gave Corizon $3,600,000 as a bonus and also reduced penalties for not providng treatment. Ryan also renewed Corizon's contract.</u>

33. <u>Corizon has no incentive of complying with the contract and providing inmates care that meets constitutional standards because it is getting rewarded. This is one of the factors why Plaintiff has not received the care.</u>

34. Defendants acting pursuant to these practices denied me the treatment. I have had 40 plus medical ICS and been hospitalized 5 times.

35. Defendants and each of them have failed to perform their delegated duties, they have failed to exercise the power and authority they have, acting with deliberate indifference to Plaintiff's serious medical needs, causing him unecessary pain and suffering.

36. Defendants each of them <u>knew</u> or should have known that when a medical unit is not open 24 hours, Plaintiff cannot get medication every eight hours; <u>they should not have changed the medication and should have continued with the care and as ordered by the Parsons injunction.</u>

37. Defendants should not have refused to give me the medication that helped my condition just because ADOC and Corizon's policies have been changed to provide for inmates not to get the medication that helped my condition .

38. Corizon and its employees should have reviewed my meical record and their falure to review my records of treatment given to me by Corizon that helped my condition and to discontinue that treatment is objectively unreasonable.

39. Defendants engaged in the conduct in paragarphs 1 through 42 aware that my medical condition shall get worse.

40. <u>I have since August 28, 2014 been complaining that he needs to be seen by specialists for his urology, neurology, pain, shakes, tremors, allergies and memory issues. Due to Defendants refusal to have Plaintiff seen by specialists, and Defendants are themselves not specialists, Plaintiff's medical condition has worsened.</u>

41. <u>Nurses, doctors and other employees of Corizon tell Plaintiff and every inmate that even if people die Corizon/ ADOC will not do anything. Their hands are tied and when they do anything, submit paperwork for consultants, surgery, order medication that have been effective supervisors refuse. The denial/delays are done for non-medical reasons and for the explicit</u>

**ATTACHMENT TRIPATI v CORIZON SECOND AMENDED COMPLAINT** Page 4 of 17

purpose of making money for Corizon. Bonuses are paid to those involved in the process. Plaintiff has been informed that payments made by Corizon reflect this.   In order to insulate itself and staff from liability, Corizon/ADOC   have   a "group of doctors" who sign off in the delays/denials for non-medical reasons without actually examining the patient/inmate. Plaintiff has  been informed and testimony in Parsons by  Corizon doctors show medical records show this. Their decisions, made by these group of doctors are not medical decisions.

42. ADOC/  Corizon is able to do this because most inmates do not file suit and when and if litigation is initiated, Corizon is able to delay the litigation for years. The savings and money made by Corizon implementing the policy is far greater than the total sums of money spent providing the care necessary. I have been informed examination of the lawsuits against Corizon, the sums spent defending these/paying the judgments when compared with the costs of care denied if they would have been provided support this.

43. ADOC/  Corizon's unwritten policies and practices conflict with its written policies and guidelines and the written contracts Corizon has to provide inmates with health care.

### REFUSAL TO TREAT DIAGNOSED CONDITIONS

44. Chris Johnson, Grafton,  , Smith-Whitson, Respicio-Moriarity,  Dossett,  Richardson, Crabtree, Valencia,  Robertson, and Williams have refused to provide treatment for diagnosed conditions, treatment which was given and which managed Plaintiff's  condition until their refusal.

45.  Chris Johnson,  Grafton,  , Smith-Whitson, Respicio-Moriarity,  Dossett,  Richardson, Crabtree, Valencia,  Robertson, and Williams engaged in the above conduct for the reasons above, due to the policies established by Corizon and to save Corizon money. Catsaros, Moyse, Williams and Harvey acted with deliberate indifference to Plaintiff 's serious medical needs inflicting upon Plaintiff unnecessary pain and suffering        pursuant to the pursuant to the prevailing customs, traditions and policies of Corizon.

46. Corizon Inc. and its Chief Executive Officer, Chief Medical Officer,  agents directed these activates from Brentwood They directed  Williams and Catsaros to engage in  the conduct. Corizon, CEO of Corizon, CMO Corizon have put in place an unofficial policy of ensuring that inmates are denied medical care and that the care is not provided as mandated by the contract. Instead it is their unofficial policy and custom to make certain money is saved by denying/delaying medical care to inmates.

47. They have implemented this policy to save money by delaying/denying medical care for serious medical needs for non-medical reasons and in breach of the contract. They did this because very few inmates force the issues to be litigated and litigation taken a long time. The monies they save are substantially greater than the amount of money they have to expend providing every inmate the treatment that the contracts mandate they provide.

48. Defendants acts of omissions are actionable to the same extent as acts of commission. They knew or reasonably should have known they were violating the eighth amendment , denying/delaying medical care for serious medical needs, were not taking actions for medical reasons but just to save Corizon money.

49.  They had both the duty to act and the power and authority to correct the violations. They failed to act on prior complaints and knew violations were predictable. Defendants who  are responsible for setting policy gave tacit authorization because the prime motivation was to save

**ATTACHMENT TRIPATI v CORIZON SECOND AMENDED COMPLAINT  Page 5 of 17**

money for Corizon and at the expense of delaying/denying medical care for serious medical needs.

50. Each of these defendants acting under color of state law deprived and continues to deprive Plaintiff of his right to be free of cruel and unusual punishment by inflicting upon Plaintiff unwanted pain and suffering and denying/delaying Plaintiff treatment for diagnosed conditions for non-medical reasons.

51. They injured Plaintiff as a direct and proximate cause thereof. Plaintiff has problems walking without pain which is unbearable, increased shakes, tremors, chest pain, cannot sleep, consistent allergy headaches, have been constipated for over 40 days. They acted with deliberate indifference and their conduct serves no legitimate penal goal.

52. Though Dossett, Porter, Lyons, Smith-Whitson, Pachecho, Bedoya, Days, Jacobs, Han, Erwin, Respicio-Moriarity, Richardson, Valencia, Robertson, have apparent authority to grant Plaintiff relief, acting pursuant to Ryan's policy to deprive inmates of their eighth amendment rights, they have refused to exercise that authority, and upon the acquiesce of Carter.

### DELIBERATE INDIFFERENCE

53. As a direct consequence of defendants conduct my blood prssure is 170/100.

54. As a direct conequence of defendants conduct my pain has substantially increased because they do not wish to provide medication and continue with the medication that I received August 28, 2014 to April 2016.

55. Defendants engaged in this conduct pursuant to the policies practices and customs of Corizon and ADOC. Defendants have acted with deliberate indifference to Plaintiff 's diagnosed serious medical needs, acting in accordance with Corizon and Ryan's customs, traditions, policies, inflicting upon Plaintiff unwanted pain and suffering.

56. Had BPOC not provided Corizon financial support after it knew or should have known that Corizon and its principals have had a history of delaying/denying treatment to inmates for their serious medical neeeds, none of the conduct would exist.

57. Had Ryan after becoming privy through reports, audits of Corizon that in Arizona Corizon was delaying/denying treatment to inmates for their serious medical needs, not given Corizon a $3,000,000 plus bonus and had he not reduced penalties, Corizon would not contnue with the conduct.

58. Each and every defendant ha the authority and duty to prevent the injury but acting pursuant to ADOC/CORIZON's policies failed to. .

### COUNT TWO CONTINUED
### WHY THIS IS NOT PRECLUDED

59. June 21, 2018, May 29, 2018, May 29, 2017, September 12, 2014 and August 28, 2014 Corizon issued diet orders and found that I cannot be given RAST. This happened after Paul Carter concealed from the court that prednisone rendered the RAST results invalid. A April 26, 2016 e.mail from Erwin to Brennan that Plaintiff saw for the first time shows that this was done pursuant to their scheme to defraud the court.

60. Defendants violated clearly established law and knew they were violating these and had Brnovich put in place a policy that his employees not advise ADOC to violate clearl established law, the misconduct would not be..

### COUNT THREE CONTINNUED

**ATTACHMENT TRIPATI v CORIZON SECOND AMENDED COMPLAINT** Page 6 of 17

61. Erwin, Glynn, Dossett, Curran by opening, seizing and publishing contents of my legal mail have prevented me from communicating with my counsel concerning this matter, claims in CIV 16-0282, pending appeals, collateral challenge to my criminal convictions, my pending petitions for review and certiorari.

62. Curran, Erwin and Glynn advised me they shall continnue to open and read my legal mail that I receive from my solicitors in the United Kingdom and Australia and have continued to do so.

63. Defendants seized 3 DVD's with research and evidnce relating to pending cases, as well as other acts and evidence against Defendants.

64. Erwin, Glynn, Dossett, Curran by authorizing the opening, seizing, publishng the contents of his legal mail from counsel have prevented Plaintiff from communicating with counsel concerning this case, CV 16-00282, pending appeals, pending challenges to his criminal convictions. Specifically Plaintiff's legal mail has been opened about eight times in Plaintiff's absence and the research as well as evdence in those destroyed/lost, thereby preventing Plaintiff from adequately presenting his claims. As a direct consequence a great deal of evidence/research, core to these cases, have been seized by Defendants.

65. Erwin, Glynn, Dossett, Curran specifically advised Plaintiff they shall open privileged communications from Plaintiff's Solicitors in the United Kingdom and Australia concerning his transfer pursuant to the COE Treaty. They opened and continue to do so.

66. Defendants and each of them have violated their own policies whch forbid opening of legal mail and clearly estabilshd federal law.

## COUNT FOUR
## CHRISTOPHER 536 U.S. 415 (2002) CLAIM RELATES TO LEGAL ACCESS

67. E.mails and other responses from Defendants show they have destroyed e.mails, records and evidence that pertin to my allegations in this complaint and have done so, pursuant to Wexford/ADOC/Corizon's policies. Aware that drafts of e.mails and documents electronically generated are 801(d)(2) statements, defendants destroyed all drafts. Without the destroyed evidence I would have prevailsd in CIV 11-0195 concerning my being denied my diet and retaliation ; CIV 15-0140 concerning denial of treatment for serious medical needs by Wexford; CIV 16-00282 concerning denial of treatment and det in Tucson; CIV 01-18741; 02-14210; 02-14211; 02-15874; 99-20757 concerning my being denied compensation for loss of property and legal materials;

68. He would have prevailed in CIV 15-0140 where he was challenging Wexford having a practice of delaying/denying treament for serious medical neeeds; he would have prevailed in CIV 16-00282 where he complains of being denied treatment for his serius medical needs, etaliaton, fraud upon the court; he would have prevailed in CIV 01-18741; 02-14210; 02-14211; 02-15874; 99-20757 where he complains that ADOC has the authorized establshed procedure of losing inmate property and denying them compensation

69. .. Erwin, Daryl Johnson, Dossett, Klausner, Glynn, Carter directed Defendants deny me access to legal copies, legal mail, legal supplies and specifically ordered I be denied use of the computer to prepare pleadings/documents.

70. . January 17, 2018, May 2018, July 2017. The U.S.Supreme Court directed I submit all documents in booklet format with sufficient copies. I was unable to have my certiorari petition

filed challenging the fact my setneces of 52.5 years is far excess then 9.25 under current law; that since 1976 I am the only person that has been convicted in Arizona of deprivation of reputation in the community and posting, a selective prosecution claim and that fraudulent schemes requires a scheme and the prosecutors took one scheme and made that into multiple schemes.

71.  I was also unable to file certiorari on denial of access to courts based on concealment of A.R.S. 31-201.01(L) by Carter and Morrissey and permission pursuant to Turpin of a successive habeas. In no uncertain terms Dossett and Glynn advised me that my issues as to copies, postage, use of a computer has been addressed. In light of the vexatious grievance provisions I could not grieve these issues because I would be under the policy disciplined, sent to segregation and imposed additional penalties. By the foregoing conduct defendants have impeded and frustrated my claims with their actions having no valid justification entitling me to relief pursuant to Christopher v Harbury, 536 US 415 (2002).

### INJURY
I have had my claims defeated by their destroying evidence/concealing evidence.

### EXHAUSTION
I have exhausted my remedies.

### COUNT FIVE
### DENIAL OF EQUAL PROTECTION

72.        E.Mails, attachment to e.mails, attachment to the Julia Erwin e.mail to Brennan on April 26,2016, phone conversations betwen ADOC and Corizon employees (all employee communications over ADOC phones are recorded) show that in violation of Village Of Willowbrook v Olech, 528 U.> 562, 564-65 (2002) I have been intentionally singled out to be denied same or similar treatment as all other inmates and without any rational basis. This for filing grievances, challenging their falsifying evidence, challenging their not providing inmates with treatment for serious medical needs. Carter and Morrissey, according to e.mails and phone records, directed be singled out and that defendants not follow their policies and practices as to me.

73. Brnovich by failing to ensure that he had put in place policies and practices that directed his employees not to direct ADOC violate their policies, not to create special policies, not to violate clearly established laws, caused my being denied equal protection. There is no rational or legitimate corrrectional and/or governmental goal served by defendants actions and their actions serve no rational goal .

74. I was also unable to file certiorari on denial of access to courts based on concealment of A.R.S. 31-201.01(L) by Carter and Morrissey and permission pursuant to Turpin of a successive habeas. In no uncertain terms Dossett and Glynn advised me that my issues as to copies, postage, use of a computer has been addressed. In light of the vexatious grievance provisions I could not grieve these issues because I would be under the policy disciplined, sent to segregation and imposed additional penalties as stated in count four paragraph 70 and 71 on January 17, 2018, May 2018, July 2017.

75. Defendants Corizon, Williams, Burciaga, Johnson, Grafton, Armenta, Martinez, Porter, Lyons, Smith-Whitson, Bedoya, Days, Jacobs, Han, Erwin, Respicio-Moriarity, Dossett, Richardson, Crabtree, Valencia, Robertson, Carter,  , Morrissey, Rogers, Klausner , Ryan, Erwin, Daryl Johnson, Pachecho  Johnson, Flatt, Nolan, Waker,  , Witty, Orr, Bowers , and each of them in violation of Village Of Willowbrook v Olech, 528 U.S. 562, 564-65 (2000) Aliciea v Howell, 387 F.

Supp. 2d 227 (W.D.NYK 2005) intentionally singled Plaintiff out causing Plaintiff   to be denied the same or similar treatment, as all other inmates similarly situated and without any rational basis.

76. They singled Plaintiff out because they had  knowledge through the attachment to the April 26, 2016 e.mail by Erwin sent originally by Daryl Johnson in 2000 that Plaintiff had challenged their conduct and was puboishing materials adverse to them; that Plaintiff  filed grievances, challenged their actions and policies in courts, and publicized their actions against Plaintiff.. They do not treat other inmates who engage in similar activities in the same manner. Carter directed defendants not to follow their own regulations when it involves Plaintiff  and made special regulations. They directed them to engage in the constitutional torts in ths complaint . .As stated above they singled Plaintiff out

77. .in matters relating to legal materials, religion, health care, education, and loss of property.

They concealed from the courts that Prednisone alters the immune system and prevents RAST, though the Chief Clinical Officer of Corizon advised them of this and the Arizona Medical Board initiated disciplinary proceedings against Williams.

77A. As inmates cannot go and get these ADOC places these on CDS and send these to the COII for inmates to view. It charges no fees for this. NO COPIES ARE GIVEN TO INMATES. Inmate Bernal, Reed have been given access to similar records to view on CDs and at no charge. In bad faith ADOC refused to give  Plaintiff access to these records  demanding a fee Glynn and Dossett advised Plaintiff that absent a fee he will not be allowed to view these records.Plaintiff should be given these records and as to record withheld a Vaughn type index provided. I am the only inmate denied these records to view.

 77B. I was informed on January 16, 2018 by Hutchison, Glynn and Knoll that I will not be allowed to view these until I pay in advance. Again I was singled out and denied access to the records in the same manner  all inmates have access.

77C. They directed employees to act contrary to prison regulations causing constitutional torts in counts one to thirteen . It is ADOC policy to destroy emails and documents which they know from their experience are potential evidence. Bohuszewich, Erwin and Glynn as I filed complaints against Corizon and ADOC falsifying/concealing evidence, reduced my access to the use of computers for viewing documents that relate to this and other litigation.

78. Brnovich refused to promulgate appropriate policies to ensure that persons are not singled out. They acted pursuant to ADOC and Corizon's policies to single out those who challenge them and their policies.

## INJURY

I have been since 2002 continuously denied treatment for my serious medical needs had my legal materials seized/lost, denied access to the courts. Plaintiff  has been singled out as set forth in this complaint. . . This is atypical and substantial hardship in relation to ordinary incidents of prison life in 3 yards and no inmate is subjected to this in a 3 yard except Plaintiff.. This type of conduct does not happen in 3 yards.

## EXHAUSTION

Plaintiff exhausted remedies by appealing to the Director grievance .

## COUNT SIX
### FRAUD UPON THE COURT This Count Relates To LEGAL ACCESS

**ATTACHMENT TRIPATI v CORIZON SECOND AMENDED COMPLAINT  Page 9 of 17**

79. The conduct in paragraphs 1 through 78  is continuous and the attachment to a April 26, 2016 e.mail, which I never seen or advised of prior to April 26, 2016 confirm the contents of a September 26, 2008 memo by Daryl Johnson asking that I be retaliated against and staff destroy evidence when it came to me. This e.mail attachment was circulated by Daryl Johnson, Klausner, Rogers. As this is extrinsic fraud Rooker Feldman does not bar my claims Kougasian v TMSL, 359 F.3d 1136 (9th Cir. 2004). Specifically Carter and Morrissey in their capacities as advisors and special policymakers for defendants, created special policies as to me, that required the conduct in this paragraph be engaged in.

80.        By document 274 in CIV 13-0615 DCB the court found Corizon and counsel violated HIPPA as they obtained my records without my consent. Without my consent  Corizon released to CONLON;    HOVER III;    GRIMM II;    BASHA; RENAUD COOK    my medical records and information. They knew that under ADOC Regulations and Arizona as well as federal law, they needed either my consent, a subpoena or court order . Department Order 1104.03.1.1 Without my medical records/information that they unlawfully obtained, they would not have prevailed in this and other litigation in which defendants are named. Through their experiences  and DuQuette v Superior Court, 778 P.2d 1639 (App. 1989) defendants knew they could not obtain these records without a subpoena.

81. They on January 16, 2018 concealed records and other documents to contract monitoring records, contract compliance reports, policies, documents submitted with bids, grievances, CGAR reports, CGAR CAPS, notices of  substantial non compliance, contract terminations , information reports, notices of claims, grants for programs for the nine months Wexford had the contract and for Corizon, Keefe, Trinity, Education which they stated did not exist, but which they now say exist, and related to CIV 11-0195; 13-0615; 15-0140; 16-0282 and with which I would have prevailed.

82. Corizon, Wexford, ADOC, Ryan, Attorney Defendants, Lawfirm Defendants in their capacities as officers of the court devised the unconscionable plan in the previous paragraph to deceive the courts. Pursuant to their scheme they in reckless disregard to the truth, intentionally and in order to prevent the judicial machinery from performing its impartial task of adjudication engaged in the conduct in this complaint.

83. Carter and Morrissey wear two hats, policymakers and lawyers. IN CV 11-0195 Carter as counsel concealed the fact that RAST was inaccurate as I was on prednisone. Had this been disclosed the results would have been  different .

84. In CV 99-20757 Morrissey concealed the fact that ARS 31-201.01/L did not apply to me because the statute applies only to those whose crimes happened after the effective date of the Act. My crime happened in 1992. Carter did exactly what Morrissey did in CIV 02-14210; 14211 and other cases. The conduct that I describe in this complaint is fraud upon the court practiced pursuant to the policies of ADOC and the Arizona Attorney General. Their policy is to in prisoner litigation conceal evidence, falsify evidence so as to prevent the court from  performing the task of adjudication on the merits. Take away this fraud I would have prevailed.

85. When Plaintiff received the attachment to the Erwin e.mail in April 2016 and read its contents he was shocked that since 2000 ADOC, defendants Daryl Johnson and others have targeted him and asked employees to retaliate against him and destroy documents/evidence.   The conduct of ADOC has been continuous and hence pursuant to Page v United States, 729 F.2d 81, 821 and n 21 (D.C.

**ATTACHMENT TRIPATI v CORIZON SECOND AMENDED COMPLAINT**  Page 10 of 17

Cir. 1984) Selby v Caruso, No 13-1248 (6th Cir. 10/31/13) this court has jurisdiction and this is timely. These events arose in 2000 and are continuing.

## WHY THIS COULD NOT BE RAISED PREVIOUSLY

86. The conduct in count three when Osler, Moreno, Schletter and Ramos seized and destroyed three CD' from my legal mail, show ths is a continuous issue. The attachment to the April 26, 2016 Erwin email which Plaintiff saw for the first time in July 2016, confirm a September 2008 Johnson memo that evidence be destroyed. This is why this could not be raised previously.

## THE PRACTICE OF PERPETRATING FRAUD UPON THE COURTS ON ISSUES CENTRAL TO THE LITIGATION

87. Defendants and each of them as is shown below have the policy of practicing fraud upon the courts, on issues central to the litigation. In cases they are named as parties, they conceal and falsify evidence that "relate to matters in controversy in such a way as to interfere with the rightful decision of the case. There is a nexus between their actionable conduct and the merits of the case." Pursuant to this plan, scheme, practice of their, they engaged in the conduct against Plaintiff, destroyed, concealed falsified evidence, so that the claims Plaintiff has are defeated and they prevail. They intentionally and pursuant to their practice concealed and falsified evidence.

## WHEN DID PLAINTIFF LEARN OF THIS

88. Plaintiff discovered this after he read the attachment to the Erwin e.mail of April 26, 2016.

89. Carter and Morrissey wear two hats, one as an attorney and other as policymakers. In CV 11-0195 defendants concealed the fact Plaintiff could not take RAST and argued Plaintiff must take RAST. Take these away they would not have prevailed. They knew these were materially false arguments but did so pursuant to their policy above to conceal/falsify evidence to prevail.

## A.R.S. 31-201-01(L)

90. ADOC has no law libraries and paralegals are not allowedt o conduct legislative history research on statutes. ADOC lost Plaintiff's property and legal materials Tripati v Arizona 199 ARIZ. 222 (2000), CV01-18741; 02-14210-02-14211; 02-15874 and Ryan, Carter, Morrissey misrepresented to the courts that ARS13-201.01(L) bars me relief. They knew or should have known this to be false because the statue does not apply to those whose crimes happened before April 2, 1994 and Plaintiff's crime happened in 1992.

91. Had they not made this material misrepresentations Plaintiff's sate tort remedies would not have been foreclosed for me. Take away this material misrepresentation Plaintiff would have prevailed.

## AUTHORIZED PROCEDURE AND NO REMEDY

92. It is ADOC policy to destroy emails and documents which they know from their experience are potential evidence. There is no available post deprivation or administrative remedy in the ADOC available to Plaintiff, as applied to him  by way of special policies made by Carter, Klausner, Daryl Johnson, Erwin ,Ryan, Rogers, Robertson, Morrissey for Plaintiff , that conflicts with ADOC written policies for all inmates.

93. .Intentionally acting pursuant to authorized established, Dossett, Respicio-Moriarity, Smith-Whitson, Jacobs, days, Pachecho, Robertson, Richardson, Valencia, Daryl Johnson, Erwin have refused to exercise their authority pursuant to ADOC policy to afford Plaintiff relief, which they have the duty and power to.

**ATTACHMENT TRIPATI v CORIZON SECOND AMENDED COMPLAINT  Page 11 of 17**

94.. Plaintiff 's property and legal materials have been lost or destroyed at least 16 times and Plaintiff prevailed in grievances at least 12 times. At the urging of Carter and Morrissey Plaintiff was refused just compensation. The post deprivation remedies are inadequate, ineffective and unavailable for Plaintiff.

95. Defendants Morrissey, Klausner, Dossett, Respicio-Moriarity, Smith-Whitson, Jacobs, Days, Pacheco, Robertson, Richardson, Valencia, Daryl Johnson, Erwin, Rogers, Carter have concealed the number of complaints of property loss during litigation so as to prevail. They concealed emails, grievances, and other complaints. It is very common for them to falsify evidence and conceal evidence to prevail in litigation, as evident in above.

96. `They have done this pursuant to ADOC authorized established procedures approved by Ryan. Brnovich refused to promulgate appropriate policies to ensure that his employees such as Carter and Morrissey not direct agencies to violate constitutional torts thereby causing defendants to deny me adequate post deprivation remedies. Klausner, Erwin, Daryl Johnson, Dossett, Richardson, Jacobs, Pachecho, Smith-Whitson, Days have the apparent authority to prevent such denials, but they refused to exercise that authority.

### INJURY

Due to fraud by the other party to the suit Plaintiff, , the losing party did not know the evidence and was prevented from having a fair opportunity to present them upon the trial. Plaintiff's property has been repeatedly lost in retaliation and there are no available adequate post deprivation remedies. This is atypical and substantial hardship in relation to ordinary incidents of prison life in 3 yards and no inmate is subjected to this in a 3 yard except Plaintiff . This type of conduct does not happen in 3 yards.

### COUNT SEVEN
### DENIAL OF ACCESS TO THE RECORDS

97. ARS 39-291 allows this court to review this claim. Ryan has the duty to provide inmates with healthcare, education, food, safety, security and these are public functions. If a private entity performs this function, it does not become private. DEPARTMENT ORDER 201.01.1.6 shows ryan is the custodian of records. There is no provision in DO 201 for ADOC to charge inmates or anyone for reviewing the records. A.R.S. 39-291 allows this court to review this claim as it is integrally tied to the other claims. Ryan has the duty to provide inmates with healthcare, education, food, safety, security and these are public functions. If a private entity performs this function this does not become pirvate.

98. .        I asked Ryan for contract monitoring records, contract compliance reports, policies, documents submitted with bids, grievances, CGAR reports, CGAR CAPS, notices of substantial non compliance, contract terminations , information reports, notices of claims, grants for programs for the nine months Wexford had the contract and for Corizon, Keefe, Trinity, Education for the period 1/1/16 to date.

99. .        It is the practice of ADOC to place these on CDs send these to CO III' for us to review them. ADOC does not charge inmates for this service as we cannot physically go to their offices and view them. Recently inmates Kennet Wayne Reed and Carlos Bernal have been given these with no fees payable. As inmates cannot go and get these ADOC places these on CDS and send these

to the COII for inmates to view. It charges no fees for this. NO COPIES ARE GIVEN TO INMATES. Inmate Bernal, Reed have been given access to similar records to view on CDs and at no charge. In bad faith ADOC refused to give  Plaintiff access to these records  demanding a fee Glynn and Dossett advised Plaintiff that absent a fee he will not be allowed to view these records.Plaintiff should be given these records and as to record withheld a Vaughn type index provided.

100.  . I was informed on January 16, 2018 by Hutchison, Glynn and Knoll that I will not be allowed to view these until I pay in advance. Again I was singled out and denied access to the records n the same manner  all inmates have access.

101 .      I was also told that records about me shall not be given to me and that I should ask Parson counsel to give me the records on Parsons. Parsons counsel does not have that duty and Ryan does.

In bad faith pursuant to  Ryan's policies I was denied access to these records.

100.They should be directed to give me the records and as to what they do not to provide a Vaughn type document specific reason .

## INJURY

I am being denied records on the same terms as every inmate is granted access.

## EXHAUSTION

I exhausted my remedies.

## COUNT EIGHT

## VIOLATION OF ALIEN TORT CLAIMS ACT

102. I am an alien within the meaning of the act and Defendants violated customary international law as to torture, inhuman treatment, inhuman punishment, degrading treatment, degrading punishmet, violating the right to religion, freedom of expression, effective remedies, diffrence of treatment on prohibited grounds, deprivation of property and education by their conduct in this complaint.

103. When ratifying the International Covenant on Civil and Political Rights, Congress wrote that 138 Cong. Rec. S4781 (daily ed. Apr. 2, 1992). "the United States understands that this Covenant shall be implemented by the Federal Government to the extent that it exercises legislative and judicial jurisdiction over the matters covered therein and otherwise by the state and local governments." Thus, the country's international human rights treaty obligations extend to the states as well as to the federal government. Ryan by failing to afford me the protections required by ICCPR violated my rights under the treaty.

## INJURY

I have been subjected to punshment not inflicted on others and which is not  authorized by my sentence as set forth in this complaint.

## EXHAUSTION

I have exhausted my remedies..

## COUNT NINE

## TAKING WITHOUT JUST COMPENSATION

**ATTACHMENT TRIPATI v CORIZON SECOND AMENDED COMPLAINT  Page 13 of 17**

104. Pursuant to Ryan's authorized established procedures to lose, destroy, confiscate inmate property, ,my property was taken without just compensation and there is no available state remedy according to Carter and Morrissey. There is no available adequate post deprivation remedy because such loss of property is common and those who administer the post deprivation remedy process have been directed not to afford inmates relief. As such within the meaning of PLRA as interpreted in Ross v Blake, there is no available adequate post deprivation remedy.

105. I was convicted of crimes that happened prior to the effective date of ARS 31-201.01.L and under the statute I have available post deprivation remedies. However, at the urging of Morrissey and Carter Arizona Courts have stated that there are no available state tort remedies available to me.

106 ADOC lost my legal materials, books, confiscated research materials sent by counsel, lost my typewriter  and I filed grievances B03023;024;054;055; A14024 Claim G20848 among others and was not provided just compensation.

107. These items of property were lost/taken/destroyed intentionally and pursuant to Ryan's policies and practices to lose/destroy/seize inmate property intentionally and there is no valid or rational governmental or correctional goal served by this loss.  There is no rational or valid governmental goal for Morrissey and Carter to advise me and Arizona courts that  under ARS 31-201.01.L I have no available state tort remedy when in truth I have.

108. Had Ryan adequately supervised/disciplined/trained his employees who handle inmate property this would not have been lost. Ryan gave tacit authorization to this conduct.

109. July 20, 2017  Defendants seized 3 DVD's with research and evidnce relating to pending cases, as well as other acts and evidence against Defendants.

110.  Paul Carter concealed from the court that prednisone rendered the RAST results invalid. A April 26, 2016 e.mail from Erwin to Brennan that Plaintiff saw for the first time shows that this was don pursuant to their scheme to defraud the court.

111. Pursuant to Ryan's authorized established procedure and policies to lose/dstroy/seize inmate property Plaintiff's property was taken withut just compensaton and  acording to Carter and Morrissey there is no available state remedy. There is no available ost deprivation remedy as those who administer the remedy have been told not to afford inmates relief.

112. Plaintiff was convicted of crimes before 1994 and Carter and Morrissey advised courts that A.R.S. 31-201.01(L) does not afford Plaintiff any reief. This is false as the statute does not apply to those convicted before the effective date of the statute.

113. ADOC lost Plaintiff's legal materials, law books, typewriter, research on DVDs. These wre taken intentionally and pursuant toRyan's policy that staff lose/destroy/seize inmate property.

Had RYAN appropriately trained, disciplined, screened, enorced his writte policies, this loss would not be.

## INJURY

My property, ;legal materials have been lost and I have no adequate remedy under state law. According to Morrissey and Carter I have no state tort remedy though the Arizona legislature specifically provided that the staute does not apply to those whose crimes were prior to the effective date of the statute, and mine was prior.

## EXHAUSTION

**ATTACHMENT TRIPATI v CORIZON SECOND AMENDED COMPLAINT  Page 14 of 17**

I have exhausted my state remedies.

## COUNT TEN

## VIOLATION OF  RICO

114. In Arizona  RCO claims can be for personal  Hannosh v Segal,  328 P.3d 1049 (2014).

115. The Ninth Circuit in Living Designs Inc v. E.I.DuPont, 2005 U.S.App.Lexis 26468 (Dec. 5, 2005) in the context of concealing evidence to induce settlements, the court found a valid RICO claim, no litigation immunity to the parties and counsel, stating the law firms formed a distinct enterprise.

116 .        Defendants Conlon, Rappazzo, Blair, Hochuli, Hover, Grimm, Basha, Zwick, Foreman (hereinafter "Attorney Defendants") and they are capable of holding legal and/or beneficial interest in property.

117.Renaud Cook Drury Mesaros PA; Becken O'Keefe,  Ryan, Rogers, Morrissey, Glynn, Klausner, Daryl Johnson, Erwin, Weber Gallagher Simpson Stapleton Fire & Newby LLP, Jones Skelton Hochuli, Corizon, Wexford, ADOC and the Arizona Attorney General formed a associated in fact enterprise  by their association in fact from a separate and distinct enterprise within the meaning of Living Designs (hereinafter "Lawfirm Enterprise") engaged in and the activities of which affect interstate commerce.

118.A.R.S. 13-2301.C.7 defines a criminal syndicate as "an combination of persons enterprises engaging in, or having the purpose of engaging , on a continuing basis in conduct that violates any one or more provisions of any felony statute." Defendants Atttorney Defendants, Law firm enterprise, Corizon, Wexford. Becken O'Keefe violated ARS3-2308.A.1 by their conduct in this complaint.

119. Attorney Defendants,  Corizon, Wexford, Becken O'Keefe and Law firm Enterprise, Corizon pursuant to their scheme and artifice to defraud set forth in this complaint  knowingly obtained from me the benefits set forth in this complaint by means of the material omissions set forth in this complaint violated A.R.S. 13-2308.A.1 by their conduct in this complaint  by means of the material omissions set forth in this complaint violating A.R.S. 13-2310.  In Arizona benefits may be intangible and the benefits can be personal injury as stated in Hannosh.

119. Attorney Defendants, Law firm Enterprise, Corizon, Wexford, Becken O'Keefe violated A.R.S. 13-2312.A.B.

120..Corruptly   Attorney Defendants, Law firm Enterprise, Corizon, Wexford, Becken O'Keefe engage in and continue to engage in the conduct in this complaint to  endeavour to influene he due administration of justice, influence or impede judges in Arizona, other states, Arizona officials, judges of the United States District Court and Circuit  Courts in the performance of their duties in violation of 18 USC 1503.

121 Without my consent  Corizon released to   CONLON;  HOVER III;   GRIMM II;  BASHA; RENAUD COOK   my medical records and information. They knew that under ADOC Regulations and Arizona as well as federal law, they needed either my consnt, a subpoena or court order . Department Order  1104.03.1.1  Without  my medical records/information that they unlawfully obtained, they would not have prevailed in this and other litigation in which defendants are named. Through their experiences  and DuQuette v Superior Court, 778 P.2d 1639 (App. 1989) defendants knew they could not obtain these records without a subpoena.

**ATTACHMENT TRIPATI v CORIZON SECOND AMENDED COMPLAINT** Page 15 of 17

122. Corruptly Attorney Defendants, Law firm Enterprise, Corizon, Wexford, Becken O'Keefe engaged in the following unlawful acts amongst others: They violated A.R.S. 13-2308.A.1; 13-2312.A.B; 2310; 18 U.S. C. 1503 in Arizona State Court Cause Numbers: 1 CA CV 15 0788; 1 CA CV 13-0602; Ninth Circuit Cases 17-15549; Idaho cause Numbers 15 CV 00132; 14 CV 00460 Arizona Cause Numbers CV 14 1825; CV 13 01747; CV 11-2470; CV 13 01925; CV 10- 2564; CV 13- 13 0200; CV 10 1668; CV 11 0097. CIV 11-0195; CIV 13-0615; CIV 15-0140; CIV 99-20757; CIV 02-14210; CIV 02-14211; CIV 02-15874  (cases in which Plaintiff was the Plaintiff) They concealed e.mails, 801(d)(2) statements, grievances, complaints, submitted boiler plate objections, submitted false declarations/affidavits that contradicted documents prepared at the times of the incidents. They did this knowingly and with knowledge of their materiality and falsity.

123. Defendants conducted these acts through a pattern of racketeering activity, using the mails and wires, violating 18 USC 1331, 1341, 1503, wih the first act after 170 and last within fr years of the first.

124. .     Attorney Defendants, Law firm Enterprise, Corizon, Wexford, Becken O'Keefe have devised a scheme which calls for, in the event of violations of inmate rights being established, the execution of "confidential settlement agreements." The purpose of these agreements is to prevent the courts from adjudicating cases on the merits and perpetuate litigation fraud on Plaintiffs as well as defeat claims so that they  increase their profits, continue with the violations, and ensure the matter is not made public. This is against the public policy of truth seeking, fairness and ensuring proper adjudication of claims on their merits. By so doing they are able to inflict and continue to inflict harm upon inmates  and harmed me and this injury was and is foreseeable when these confidential settlement agreements are entered into in bad faith.

125.. .During the discovery process in all litigation corruptly Attorney Defendants, Law firm Enterprise, Corizon, Wexford, Becken O'Keefe aware of these agreements, deny their existence, and fail to disclose their existence, and advise judges reviewing the motions to compel when filed that these agreements are not relevant and were entered in good faith. They fail to disclose to the judges these agreements were entered in bad faith and their purpose was to make a profit and continue with the type of misconduct.

126.Corruptly Attorney Defendants, Law firm Enterprise, Corizon, Wexford, Becken O'Keefe as officers of the court are aware that they must be candid to the courts and not take any action that corrupts the truth seeking process. They however to prevent the judicial machinery from performing in its usual manner it impartial task of adjudicating cases on the merits, with reckless disregard to the truth, engage in the misconduct. Their conduct is not protected by the attorney client/work product privilege because they engage in the conduct to commit new crimes. In short tey have established the authorized established procedure of entering into confidential settlement agreements to continue violating rights of inmates.

127..     Attorney Defendants Law firm Enterprise, Corizon, Wexford, Becken O'Keefe and each of them by the acts in this complaint  as a consequence of the violation of A.R.S. 13-2314.04.A; 13-2312.A.B; 13-2310.A by a pattern of unlawful activity conducted through the Law firm Enterprise as described in paragraphs 1 through 79— 135caused me and are causing me reasonably foreseeable injury.

**ATTACHMENT TRIPATI v CORIZON SECOND AMENDED COMPLAINT** Page 16 of 17

128. Attorney Defendants Law firm Enterprise, Corizon, Wexford, Becken O'Keefe and each of them by illegally controlling the Law firm Enterprise through the unlawful activity in this complaint, acquired control their unlawful acts thereby causing me   reasonably foreseeable injury.

Corruptly Attorney Defendants, Law firm Enterprise, Corizon, Wexford, Becken Okeefe and each of them have devised and controlled the Law firm Enterprise  through its proceeds  by acquiring or maintaining control by investment in the Law firm Enterprise.

1 29.      Corruptly Attorney Defendants, Law firm Enterprise, Corizon, Wexford, Becken Okeefe and each of them    received income, directly and/or indirectly from the pattern of unlawful activity described in this complaint. They used or invested directly  and/or/indirectly parts of such income in the acquisition or control  or an interest in or establishment of the Law firm Enterprise.

130. Corruptly Attorney Defendants, Law firm Enterprise, Corizon, Wexford, Becken Okeefe and each of them employed by or associated with  the Law firm Enterprise  conducted or participated in the control of the affairs of the Law firm Enterprise through a pattern of unlawful acts.

Corruptly Attorney Defendants, Law firm Enterprise, Corizon, Wexford, Becken Okeefe and each of them  aware that their actions violated clearly established federal and state law agreed to and engaged in the course of conduct in this complaint causing me reasonably foreseeable injury, refusing to exercise their power, authority, ability to prevent the conspiracy, conspired  to violate A.R.S. 13-2314.04.A

131. I have been caused reasonably foreseeable injury in my person and property as a direct and proximate cause and consequence of the conduct of the  Attorney Defendants,, Law firm Enterprise, Corizon, Wexford, Becken Okeefe  and each of <u>them  Their conduct is continuous and open ended.</u> <u>Attorney Defendants,, Law firm Enterprise, Corizon, Wexford, Becken Petty  and each of them committed at least two acts of unlawful activity.</u>

<u>132. Defendants and each of them received income from the lawfirm enterprise directly or indirectly through  a pattern of racketeering activity which is contnuos violating 18 USC 1962(a). The through a pattern of racketeering activity acquired and maintained control of the lawfirm enterprise, engaged in nd the activities of which affect interstate commernec violating 18 USC 1962(b). Defendants and each of them are associated with the lawfirm enterprise through a through a pattern of racketeeering activity in the conduct of the affairs of the enterprise which is engaged in and the activities of which affect interstate commerce violating  18 USC 1962(c). Defendants and each of them conspired to violate 18 USC 1962(a)(b)(c) violating 18 USC 1962(d)</u>

## <u>INJURY AND EXHAUSTION</u>

I have been subjected to injury that is not authorized by my sentence, hospitalized, have high blood pressure, severe pain, not receving effective treatment and being denied meaningful access to the courts. I have exhausted my remedies.

**ATTACHMENT TRIPATI v CORIZON SECOND AMENDED COMPLAINT  Page 17 of 17**