**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Anant Kumar Tripati,

Plaintiff,

v.

Corizon Incorporated, et al.,

Defendants.

No. CV-18-00066-TUC-RM

**ORDER**

Pending before the Court are Plaintiff's Motion to Strike Footnote (Doc. 158), Motion in Limine to Bar Witnesses (Doc. 162), Motion for Discovery on Crime Fraud by Counsel (Doc. 172), Motion for Leave to File Excess Pages for Motion to Compel (Doc. 186), Motion to Compel (Doc. 187), Motion to Abate Time (Doc. 188), Motion for Leave to File Interlocutory Appeal (Doc. 189), Request for Judicial Notice in Support of Motion to Compel (Doc. 200), Motion to File Chart (Doc. 205), Motion to Abate Time to Reply to Supplement (Doc. 207), and Request to Direct Deputy Warden Examine and Give Declaration (Doc. 208). Also pending is Defendants Glen Babich ("Babich"), Corizon Inc. ("Corizon"), and Charles Ryan's ("Ryan") Motion to Strike (Doc. 203).[1]

. . . .

. . . .

[1] Other pending motions, such as Plaintiff's Emergency Application to Enjoin Ramos and Erwin (Doc. 130), Plaintiff's Motion for Terminating Sanctions (Doc. 220), and Defendants' Motions for Summary Judgment (Docs. 225, 231), will be resolved separately. The Court notes that Plaintiff's Application to Enjoin, though titled as an "Emergency Application," does not require an expedited ruling.

## I. Motion to Strike Footnote (Doc. 158)

This Motion to Strike relates to document 153, which is a Reply in support of a Motion for Protective Order filed by non-parties Borhuszewicz, Dossett, Erwin, and "ADOC Custodian of Records." (Doc. 158; *see also* Doc. 153.) Although the title of the Motion to Strike indicates that Plaintiff seeks to strike only a footnote, the body of the Motion to Strike indicates that Plaintiff seeks to strike document 153 in its entirety. (Doc. 158 at 3-4.)[2] In support of the Motion to Strike, Plaintiff complains that the Arizona Attorney General's Office "has consistently engaged in misconduct as to" him, and he attaches various documents that purportedly provide evidence of such misconduct. (Doc. 158 at 1; *see also* Doc. 158-1.)

The Local Rules of Civil Procedure ("LRCiv") provide:

> Unless made at trial, a motion to strike may be filed only if it is authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2), or 37(b)(2)(A)(iii), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order.

LRCiv 7.2(m). Here, none of the grounds listed in LRCiv 7.2(m) or the Federal Rules of Civil Procedure support Plaintiff's Motion to Strike, and the Court has already granted the underlying Motion for Protective Order at issue. (*See* Doc. 182 at 5-9, 22.) Plaintiff's Motion to Strike Footnote will be denied.

## II. Motion in Limine to Bar Witnesses (Doc. 162)

In this Motion, Plaintiff asks the Court to bar Defendants Jose Ramos ("Ramos"), Daniel Moreno ("Moreno"), George Osler ("Osler"), and Glenn Schletter ("Schletter") from using witnesses listed in their witness list. (Doc. 162 at 1.) In support of this request, Plaintiff accuses attorney Paul Carter ("Carter") of lying to the Court when he argued that Plaintiff was on a fishing expedition, and of failing to provide Plaintiff with "specifically requested evidence" from the witnesses. (*See* Doc. 162 at 1-11.) Although Plaintiff indicates that Defendants' witness list is attached to the Motion, the Motion contains no attachments, and it is not clear which witnesses Plaintiff is referencing.

---

[2] The Court notes that document 153 does not contain a footnote.

Defendants Moreno, Osler, Ramos, and Schletter filed a Response (Doc. 166), in which they argue that the Court may not consider Plaintiff's Motion in Limine because Plaintiff has not complied with LRCiv 7.2(l). (Doc. 166.) Although LRCiv 7.2(l) specifically prohibits the filing of replies in support of motions in limine, Plaintiff nevertheless filed a Reply, in which he continues to complain about the conduct of Defendants and defense counsel. (Doc. 171.)

LRCiv 7.2(l) provides:

> No opposed motion in limine will be considered or decided unless moving counsel certifies therein that the movant has in good faith conferred or attempted to confer with the opposing party or counsel in an effort to resolve disputed evidentiary issues that are the subject of the motion. The moving party is not permitted to file a reply in support of its motion in limine.

Plaintiff has not filed the certification required by LRCiv 7.2(l) and, accordingly, the Court may not consider his Motion in Limine. The Motion in Limine will be summarily denied without prejudice.[3]

**III. Motion for Discovery on Crime Fraud by Counsel (Doc. 172)**

In this filing, titled "Motion for Discovery on Crime Fraud by Counsel Fernandez, Rowey and Carter; First Motion in Limine on Ryan—Corizon—Babich; with Declaration—Exhibit," Plaintiff continues to complain about the conduct of Defendants and defense counsel—including defense counsel's use of boiler-plate discovery objections in litigation—and he argues that Defendants should be barred from using any evidence requested but not produced during discovery. (Doc. 172.) Plaintiff also argues that "discovery should be allowed pursuant to the crime-fraud exception." (*Id.* at 9.) Plaintiff's filing is 35 pages long, with 165 pages of attachments which include discovery responses from Ryan, Corizon, and Babich; letters; and search-result print-outs. (*See* Docs. 172, 172-1, 172-2, 172-3.)

Defendants Corizon, Ryan, and Babich filed a Response in which they argue that Plaintiff's Motion must be denied because the crime-fraud exception applies only in

---

[3] The Court notes that, even if LRCiv 7.2(l) did not prohibit the consideration of Plaintiff's Motion in Limine, Plaintiff has not provided sufficient information from which the Court could resolve the Motion on the merits.

criminal cases "wherein the government has the burden of showing that certain attorney-client communications furthered the commission of a crime or fraud." (Doc. 178 at 1.) Defendants further argue that "[i]f Plaintiff believes Defendants have withheld relevant and discoverable evidence, the proper vehicle to assert those claims would be in a Motion to Compel." (*Id.* at 2.) Plaintiff filed a 21-page Reply. (Doc. 183.)

The requests for relief contained in Plaintiff's Motion are unclear. To the extent that Plaintiff is arguing that he is entitled to the disclosure of evidence that Defendants have allegedly wrongfully withheld during discovery, the Motion constitutes a motion to compel filed without leave of Court, in contravention of the discovery-dispute procedures set forth in the Court's Scheduling Order. (*See* Doc. 64 at 2-3.)[4] To the extent that Plaintiff is arguing that evidence should be precluded, his Motion constitutes a motion in limine and was filed without the certification required by LRCiv 7.2(l). The Court also notes that Plaintiff's 35-page Motion and 21-page Reply exceed the presumptive page limits of LRCiv 7.2(e)(1)-(2), without leave of Court. Furthermore, Plaintiff fails to clearly explain how the specific documents attached to his Motion support his request(s) for relief, nor are his allegations sufficiently clear or supported for the Court to grant any relief. Plaintiff's Motion will be denied.

## IV. Filings Related to Plaintiff's Motion to Compel (Doc. 187)

In an Order signed on November 15, 2019 and filed on November 18, 2019 ("November 15, 2019 Order"), the Court granted Plaintiff leave to file motions to compel against Defendants Corizon, Babich, Ryan, Ramos and Moreno. (Doc. 182 at 9-10, 13-14, 22-23.) The Court also directed Plaintiff to attach to the motions copies of the specific discovery requests and responses in dispute. (Doc. 182 at 10, 14, 22-23.) On November 25, 2019, Plaintiff filed a Motion for Leave to File Excess Pages for Motion to Compel (Doc. 186), a combined Motion to Compel against Defendants Ramos, Moreno, Corizon,

---

[4] Plaintiff's Motion for Discovery on Crime Fraud by Counsel (Doc. 172), was filed prior to issuance of the Court's November 15, 2019 Order, which granted Plaintiff leave to file the separate Motion to Compel (Doc. 187) addressed below. (*See* Doc. 182 at 9-10, 13-14, 22-23.) To the extent Plaintiff's Motion for Discovery on Crime Fraud by Counsel constitutes a motion to compel, no order authorized the filing.

Ryan, and Babich (Doc. 187), and a Motion to Abate Time (Doc. 188).

In his Motion for Leave to File Excess Pages, Plaintiff requests permission to exceed by one page the page limit for his combined Motion to Compel. (Doc. 186.) LRCiv 7.2(e)(1) provides: "Unless otherwise permitted by the Court, a motion including its supporting memorandum . . . may not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts." Plaintiff's combined Motion to Compel is 24 pages in length, including the cover page, table of contents, and table of cases. (Doc. 187.) Given the fact that the Court granted Plaintiff leave to file two motions to compel and he instead filed a combined Motion to Compel, the Court will grant Plaintiff's Motion for Leave to File Excess Pages.[5]

**A. Motion to Compel (Doc. 187), Motion to Abate Time (Doc. 188), Supplemental Filings (Docs. 197, 198, 199), Motion for Judicial Notice (Doc. 200), and Motion to Strike (Doc. 203)**

Plaintiff's Motion to Compel indicates that discovery requests for emails, grievance records, investigative reports, training and employee discipline records, and records of bonuses paid to Corizon, may be in dispute. (*See* Doc. 187.) However, the Court is unable to discern from Plaintiff's Motion which specific discovery requests and responses are in issue. LRCiv 37.1 requires a party filing a motion to compel to set forth in distinct, numbered paragraphs:

> (1) the question propounded, the interrogatory submitted, the declaration requested or the inspection requested;
> (2) the answer, designation or response received; and
> (3) the reason(s) why said answer, designation or response is deficient.

LRCiv 37.1(a). In addition, the Court ordered Plaintiff to attach to his Motion to Compel copies of the specific discovery requests and responses in issue. (Doc. 182 at 10, 14, 22-23.) Plaintiff's Motion to Compel does not comply with LRCiv 37.1 or the Court's November 15, 2019 Order.

In his Motion to Abate Time, Plaintiff avers that he cannot satisfy LRCiv 37.1 or the Court's Order because Arizona Department of Corrections ("ADC") employees, by

[5] To the extent that Plaintiff's Motion for Leave to File Excess Pages also includes a request to waive compliance with LRCiv 37.1, the Court denies that request.

directive of Julia Erwin, are forbidden from making legal copies for him. (Doc. 188.) He appears to request an additional 30 days in which to comply with the Court's Order to attach copies of the specific discovery requests and responses in dispute. (*See id.*)

On December 11, 2019, Defendants Moreno, Osler, Ramos, and Schletter filed a Response to Plaintiff's Motion to Compel and Motion to Abate Time (Doc. 195), and Defendants Corizon, Babich, and Ryan filed a Response to Plaintiff's Motion to Compel (Doc. 196). In their Response, Defendants Moreno, Osler, Ramos, and Schletter argue that Plaintiff has "neither complied with the Court's Order that he attach 'copies of the specific discovery requests and responses at issue' to his Motion [to Compel] nor shown good cause for his failure to comply with it." (Doc. 195 at 3 (internal citation omitted).) Defendants note that, in just over a month, Plaintiff included 200 pages of copies with his court filings, belying his assertion that he is unable to obtain copies. (*Id.*) Defendants also argue that Plaintiff "has not even claimed—much less established—that he asked the ADC for copies of any objectionable discovery responses and that his request was denied." (*Id.*) Finally, Defendants note that Plaintiff does not claim that he has been unable to provide handwritten transcriptions of the subject discovery requests and responses, and they argue that Plaintiff has failed to even identify the discovery requests and responses at issue in his combined Motion to Compel. (*Id.*) Accordingly, Defendants Moreno, Osler, Ramos, and Schletter argue that both Plaintiff's Motion to Compel and Motion to Abate Time should be denied. Defendants Corizon, Babich, and Ryan similarly argue that Plaintiff's Motion to Compel should be denied because Plaintiff failed to comply with LRCiv 37.1 and the Court's directive to attach copies of the specific discovery requests and responses at issue to his Motion to Compel. (Doc. 196 at 1-2.) Defendants Corizon, Babich, and Ryan argue that Plaintiff "failed to request a timely extension to gather" the documents (*id.* at 1), but they fail to address Plaintiff's Motion to Abate Time.

On the same date that Defendants filed their Responses to Plaintiff's Motion to Compel and Motion to Abate Time, Plaintiff filed a Notice of Filing Original Discovery

Documents in Support of Motion to Compel (Doc. 197), a document titled "Local Rule Civil 37(a) Statement in Support of Motion to Compel" ("Rule 37.1 Statement") (Doc. 198), a document titled "Separately Filed Reasons why Ryan, Babich, Corizon Responses Insufficient" (Doc. 199), and a Request for Judicial Notice in Support of Motion to Compel (Doc. 200). In his Notice of Filing Original Discovery Documents in Support of Motion to Compel, Plaintiff avers that he is attaching original discovery responses in support of his Motion to Compel against Corizon, Ryan, and Babich, as ordered by the Court. (Doc. 197 at 1.) He avers that he has requested but has not received copies of the other Defendants' responses. (*Id.* at 1 n.1.) Plaintiff attaches a 41-page exhibit containing copies of discovery responses from Corizon, Ryan, and Babich. (Doc. 197-1.)

Plaintiff's Rule 37.1 Statement is an 87-page document that sets forth the discovery requests and responses at issue as to Defendants Ryan, Babich, and Corizon; the document also includes arguments as to why Defendants' contested responses are insufficient. (Doc. 198.) In his 22-page "Separately Filed Reasons why Ryan, Babich, Corizon Responses Insufficient," Plaintiff transcribes the arguments contained within his Rule 37.1 Statement regarding why Defendants' disputed discovery responses are insufficient. (Doc. 199.)

In his Request for Judicial Notice in Support of Motion to Compel (Doc. 200), Plaintiff requests judicial notice of 106 pages of documents attached as an exhibit (Doc. 200-1). Plaintiff argues that the attached documents are relevant to certain discovery responses by Babich and Corizon (Doc. 200 at 7-8) and are relevant to show that Ryan acted with "deliberate [indifference] whe[n] he gave Corizon incentives and reduced penalties, even though[] his employees['] and Corizon['s] reports[] show that Corizon was defrauding the state and providing constitutionally [in]adequate care" (*id.* at 6-7).

On December 12, 2019, Defendants moved to strike Plaintiff's filings appearing at documents 197, 198, 199, and 200. (Doc. 203.)[6] Defendants argue that the filings should be stricken "because they are in violation of this Court's November [15], 2019 Order, are

[6] Defendants requested an expedited ruling on their Motion to Strike. (Doc. 203 at 1.) The request for an expedited ruling is denied.

untimely, and improperly and excessively exceed page limits without Court permission." (Doc. 203 at 1.) Defendants characterize Plaintiff's supplemental filings as a second, untimely motion to compel filed without leave of Court; they note that the filings total 224 pages, not including the discovery responses themselves; and they argue that Plaintiff's failure to maintain copies of discovery responses does not "excuse his filing a second, untimely discovery motion without leave of Court and while flagrantly disregarding page limits." (*Id.* at 2.)

On December 18, 2019, Plaintiff filed a Reply in support of his Motion to Abate Time (Doc. 209) and a Reply in support of his Motion to Compel (Doc. 210). In his Reply in support of Motion to Abate Time, Plaintiff avers that he sent letters to attorneys Nichole Rowey ("Rowey") and Carter; that Rowey responded by sending him a duplicate copy of her discovery responses and that he immediately filed a separate statement; and that Carter did not respond. (Doc. 209 at 1-2.) Plaintiff again avers that he is unable to obtain copies and promises to file a separate statement within three days of receiving a duplicate set of discovery responses from Carter. (*Id.* at 2-3.) In his Reply in support of Motion to Compel, Plaintiff argues that he filed his combined Motion to Compel in good faith and immediately filed a separate statement after receiving a duplicate copy of discovery responses from Rowey. (Doc. 210 at 1.) He attaches two tables that he alleges clarify which records were requested and why they are significant. (*Id.* at 1-2; *see also* Doc. 210-1 at 1-2.)

On December 19, 2019, Plaintiff filed a Response to Defendants' Motion to Strike. (Doc. 212.) In the Response, Plaintiff argues that there is no page limit for his Rule 37.1 Statement "because the entire request, responses, reasons have to be re-written." (Doc. 212 at 1-2.) Plaintiff also notes that the Court ordered him to file copies of the original discovery responses at issue, which he did at document 197-1. (*Id.* at 2.) Plaintiff argues that his request for judicial notice needed to be filed separately and that, given the volume of his filings, he filed document 199 for judicial convenience. (*Id.*) Plaintiff disputes Defendants' characterization of the filings as a second motion to

compel. (*Id.*)

Defendants filed a Reply in support of their Motion to Strike on January 2, 2020. (Doc. 217.) In the Reply, Defendants agree that ADC does not provide Plaintiff with free copies of his legal papers because Plaintiff has accumulated three strikes for purposes of the Prison Litigation Reform Act. (Doc. 217 at 1.)[7] However, Defendants argue that the fact that Plaintiff is not provided with free copies of legal documents or with indigent supplies "does not excuse his failure to provide evidence in support of his first Motion to Compel." (*Id.*) Defendants suggest that "Plaintiff could have foregone the first Motion to Compel and filed a timely request for extension to file a discovery motion." (*Id.* at 2.) Defendants also argue that Plaintiff's supplemental filings constitute a second discovery motion because "they would require a separate response from Defendants," and that "requiring Defendants to respond to the additional pages would impose and [sic] undue and unwarranted burden." (*Id.*)

**B. Analysis**

The Court recognizes that Plaintiff has made efforts to comply with LRCiv 37.1 and this Court's November 15, 2019 Order. However, the Court also recognizes the burden involved in making sense of and responding to Plaintiff's scattered, lengthy filings.

Plaintiff does not dispute that he received original copies of the discovery responses that he alleges are insufficient. Although ADC apparently refuses to provide Plaintiff with free copies of legal documents, Plaintiff does not dispute that he is and has been capable of making handwritten transcriptions of the discovery requests and responses at issue in his Motion to Compel in order to comply with LRCiv 37.1; indeed, Plaintiff provided such handwritten transcriptions of Defendants Corizon, Babich, and Ryan's responses in his Rule 37.1 Statement (Doc. 198). Plaintiff has offered no

---

[7] Defendants have offered no legal authority in support of their position that an indigent prisoner-plaintiff who has accrued three strikes for purposes of the Prison Litigation Reform Act but who has nevertheless been granted permission to proceed *in forma pauperis* in a particular matter has no right to receive from the prison copies of legal documents relevant to the matter in which he has been granted leave to proceed *in forma pauperis*. The Court declines to address that issue at this time.

explanation as to why he could not have provided handwritten transcriptions from his original copy of Corizon, Babich, and Ryan's responses, as opposed to providing such transcriptions only after being sent an additional copy of the responses by attorney Rowey. In addition, Plaintiff previously filed copies of discovery responses from Defendants Corizon, Babich, and Ryan (see Doc. 172-1), to which he could have referred.

Furthermore, Plaintiff avers that attorney Carter has not provided him with an additional copy of Defendants Moreno, Osler, Ramos, and Schletter's discovery responses, but he has provided no authority to support his contention that Carter is obligated to provide him with an additional copy of those responses, no explanation as to what happened to his original copy of those responses, and no explanation as to why he cannot provide handwritten transcriptions of the disputed discovery requests and responses using his original copy of those responses. Accordingly, the Court finds that Plaintiff has not shown good cause to support his Motion to Abate Time to supplement his Motion to Compel, and the Court will deny the Motion to Abate Time. In light of the denial of the Motion to Abate Time, Plaintiff has not obtained leave of Court to file the supplement to his Motion to Compel (*see* Docs. 197, 198, 199) with respect to Defendants Babich, Corizon, and Ryan, and the supplement is untimely.

In addition, Plaintiff's supplemental filings are oversized without leave of Court. Plaintiff argues that there is no page limit for his Rule 37.1 Statement "because the entire request, responses, reasons have to be re-written" (Doc. 212 at 1-2); however, Plaintiff points to no Local Rule or Court Order waiving page limits with respect to motions to compel. Motions to compel, like all motions, must comply with the page limits of LRCiv 7.2(e), absent leave of Court. Plaintiff requested leave of Court to file his original 24-page Motion to Compel (*see* Docs. 186, 187), but without the later-filed supplemental materials (Docs. 197, 198, 199), the original Motion to Compel fails to comply with LRCiv 37.1 and this Court's November 15, 2019 Order. Plaintiff's 87-page Rule 37.1 Statement should have been filed as part of or instead of Plaintiff's original Motion to

Compel, and Plaintiff did not request or obtain leave of Court to file an 87-page motion to compel. The Court declines to *sua sponte* grant such leave of Court because, after reviewing Plaintiff's Rule 37.1 Statement, the Court finds that Plaintiff has failed to sufficiently narrow his discovery disputes so as to be able to present them in a manner that more closely abides by the standard page limits set forth in LRCiv 7.2(e). Because Plaintiff's Notice of Filing Original Discovery Documents in Support of Motion to Compel (Doc. 197), Rule 37.1 Statement (Doc. 198), and "Separately Filed Reasons why Ryan, Babich, Corizon Responses Insufficient" (Doc. 199), are untimely and filed without leave of Court, and because the Rule 37.1 Statement and "Separately Filed Reasons why Ryan, Babich, Corizon Responses Insufficient" exceed LRCiv 7.2(e)'s presumptive page limits without leave of Court, Defendants' Motion to Strike will be granted to the extent Defendants request that documents 197, 198, and 199 be stricken from the docket.

The Court does not find that Defendants have adequately shown why Plaintiff's Request for Judicial Notice (Doc. 200) should be stricken. However, the Court will deny the Request for Judicial Notice, as Plaintiff has not shown that the 106 pages of attached documents are an appropriate subject for judicial notice, nor has he shown that review of the documents is necessary or helpful in resolving his Motion to Compel.

Plaintiff's Motion to Compel will be denied because it does not comply with LRCiv 37.1 or this Court's November 15, 2019 Order. The Motion does not identify the discovery requests and responses at issue, nor does it sufficiently show why the discovery responses at issue are inadequate.

**V.    Motion for Leave to File Interlocutory Appeal (Doc. 189)**

Plaintiff moves for leave to file an interlocutory appeal of the Court's November 15, 2019 Order denying Plaintiff's Motion to Disqualify the Arizona Attorney General. (Doc. 189; see also Doc. 182 at 1-4, 22.) Defendants Moreno, Osler, Ramos, and Schletter filed a Response, arguing that an order denying disqualification is not separately appealable. (Doc. 204 (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379

(1981); *Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988).) Plaintiff filed a Reply, arguing that the cases cited by Defendants are distinguishable and that under the facts presented here, an interlocutory appeal is permitted. (Doc. 216 (citing *Digital Equipment Corp. v. Desktop Direct*, 511 U.S. 863, 867 (1994).)

Pursuant to 28 U.S.C. § 1291, the courts of appeals have jurisdiction of appeals from final decisions of the district courts of the United States, which includes a narrow class of "final 'collateral orders'" which "resolve an important issue completely separate from the merits of the action" and are "effectively unreviewable on appeal from a final judgment." *Firestone Tire*, 449 U.S. at 375. The United States Supreme Court has held that "orders denying motions to disqualify counsel are not appealable final decisions under § 1291," as such orders are not "effectively unreviewable on appeal from a final judgment." *Id.* at 370, 376, 379-80 (remanding with instructions that appeal be dismissed for lack of jurisdiction) (internal quotation marks omitted).

The courts of appeals also have jurisdiction pursuant to 28 U.S.C. § 1292 of appeals from certain interlocutory orders not at issue here. In addition, a district judge may certify an order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) if the judge is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." To the extent that Plaintiff is requesting certification pursuant to 28 U.S.C. § 1292(b), the Court declines the request because the Court's November 15, 2019 Order denying disqualification does not involve "a controlling question of law as to which there is substantial ground for difference of opinion," and an immediate appeal from that Order would not "materially advance the ultimate termination" of this litigation. *See Shurance*, 839 F.2d at 1348-49.

The case cited by Plaintiff, *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863 (1994), does not support Plaintiff's argument that the Court's Order denying disqualification is subject to interlocutory appeal. Plaintiff's Motion will be denied.

## VI. Motion to File Chart (Doc. 205)

On December 16, 2019, Plaintiff filed a Motion to File Chart, in which he requests leave to file a flow chart "to help the court better understand—in a snapshot—the events." (Doc. 205 at 1.) Although it appears that the chart may relate to Plaintiff's Emergency Application to Enjoin Ramos and Erwin, it is not clear. (*See* Doc. 205 at 2.) As Plaintiff has failed to specify the particular filing(s) to which the chart relates, failed to attach the chart as an exhibit to a specific motion or response, and failed to show that review of the chart would be necessary or helpful in resolving any particular motion, the Court will deny the Motion to File Chart.

## VII. Motion to Abate Time (Doc. 207)

In this Motion, filed on December 16, 2019, Plaintiff appears to request an extension of time to file a reply in support of an October 17, 2019 filing titled "Supplemental Citation in Support of Motions." (Doc. 207; *see also* Doc. 167.) On October 31, 2019, Defendants Moreno, Osler, Ramos, and Schletter filed a Response to the "Supplemental Citation in Support of Motions," asking the Court to decline to consider the filing and to strike it from the record, as Plaintiff had cited no authority for the filing and Defendants were aware of none. (Doc. 173.)

Plaintiff's "Supplemental Citation in Support of Motions" was not filed as a motion and it contains material repetitive to that contained in other filings that Plaintiff has made in this case. Although Defendants' Response should have been filed as a motion to strike, the Court agrees with Defendants that Plaintiff's filing is subject to being struck pursuant to LRCiv 7.2(m) because it is not authorized by any statute, rule or court order. Accordingly, the Court will strike Plaintiff's "Supplemental Citation in Support of Motions" (Doc. 167) and deny Plaintiff's Motion to Abate Time (Doc. 207).

## VIII. Request to Direct Deputy Warden Examine and Give Declaration (Doc. 208)

In this filing, Plaintiff accuses Ramos of submitting a false declaration and asks the Court to order non-party Deputy Warden Patrick O'Brien to submit a declaration that he has seen a CD allegedly taken from Plaintiff. (Doc. 208 at 1, 3.) Plaintiff also asks

that defense counsel Carter be directed to provide Plaintiff "with copies of all emails—attachments—reports—grievances by those in his witness list." (*Id.* at 3.) Furthermore, Plaintiff requests leave to file a Fourth Amended Complaint. (*Id.* at 3-4.)

To the extent that Plaintiff requests discovery, he has failed to comply with the discovery-dispute procedures set forth in this Court's Scheduling Order. (*See* Doc. 64 at 2-3.) To the extent he requests leave to amend his complaint, he has failed to comply with LRCiv 15.1. To the extent he requests any other relief, his request is vague and unsupported, and will be denied.

**IX. Declaration of Christopher Henson (Doc. 213) and Notice (Doc. 229)**

In a filing titled "Declaration of Christopher Henson" (Doc. 213), which Plaintiff alleges relates to Defendants' Supplemental Response to Plaintiff's Emergency Application to Enjoin Ramos and Erwin (lodged at Doc. 194 and filed at Doc. 202), Plaintiff attaches a document purporting to be a declaration of Christopher Henson (Doc. 213 at 4-5), in which Henson avers that he overheard correctional officers discussing the destruction of Plaintiff's CDs and medical records. In a Notice filed on January 30, 2020, which Plaintiff also alleges relates to Defendants' Supplemental Response to Plaintiff's Emergency Application to Enjoin Ramos and Erwin, Plaintiff attaches inmate informal complaint responses that he argues show that non-party "Julia Erwin lied in her declaration." (Docs. 229, 229-1.)

If Plaintiff believes that the Henson declaration or the inmate informal complaint responses are relevant to the parties' supplemental briefing regarding Plaintiff's Emergency Application to Enjoin Ramos and Erwin, he should have filed them as exhibits to his Supplemental Reply (Doc. 206). Plaintiff did not seek leave of Court to amend the Supplemental Reply to include the documents as additional exhibits. The Court will *sua sponte* strike the Declaration of Christopher Henson (Doc. 213) and the Notice and attachments (Docs. 229, 229-1) from the docket, because the filings were not authorized by any statute, rule, or court order. *See* LRCiv 7.2(m).

. . . .

**IT IS ORDERED:**

1. Plaintiff's Motion to Strike Footnote (Doc. 158) is **denied**.
2. Plaintiff's Motion in Limine to Bar Witnesses (Doc. 162) is **denied**.
3. Plaintiff's Motion for Discovery on Crime Fraud by Counsel (Doc. 172) is **denied**.
4. Plaintiff's Motion for Leave to File Excess Pages (Doc. 186) is **granted** to the extent that Plaintiff requests permission to exceed the page limit for his combined Motion to Compel. Plaintiff's 24-page combined Motion to Compel (Doc. 187) is considered properly filed. The Motion for Leave to File Excess Pages (Doc. 186) is **denied** to the extent it requests any other relief.
5. Plaintiff's Motion to Compel (Doc. 187) is **denied**.
6. Plaintiff's Motion to Abate Time (Doc. 188) is **denied**.
7. Defendants' Motion to Strike (Doc. 203) is **partially granted**. The Clerk of Court is directed to **strike** the supplemental filings appearing at documents 197, 198, and 199.
8. Plaintiff's Motion for Judicial Notice (Doc. 200) is **denied**.
9. Plaintiff's Motion for Leave to File Interlocutory Appeal (Doc. 189) is **denied**.
10. Plaintiff's Motion to File Chart (Doc. 205) is **denied**.
11. Plaintiff's Motion to Abate Time (Doc. 207) is **denied**.
12. The Clerk of Court is directed to **strike** Plaintiff's "Supplemental Citation in Support of Motions" (Doc. 167) from the docket.
13. Plaintiff's Request to Direct Deputy Warden Examine and Give Declaration (Doc. 208) is **denied**.

. . . .

. . . .

. . . .

14. The Clerk of Court is directed to **strike** the Declaration of Christopher Henson (Doc. 213) and Plaintiff's Notice and attachments thereto (Docs. 229, 229-1) from the docket.

**Dated this 11th day of February, 2020.**

Honorable Rosemary Márquez
United States District Judge