102084 P.O. BOX 5000
FLORENCE, AZ 85132

FILED          LODGED
RECEIVED       COPY

FEB 21 2020

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY                    DEPUTY

NINTH CIRCUIT COURT OF APPEALS

ANANT KUMAR TRIPATI,
        Plaintiff,

        VS.

CORIZON Inc et al
        DEFENDANT

CV 18 0066 RCM
NOTICE OF INTERLOCUTORY
APPEAL - PERMISSION
DENIED BY DISTRICT
COURT 2/11/2020.
REQUEST FOR
PERMISSION FROM
CIRCUIT COURT
DECLARATION -
CLERK REQUIRED

ISSUE OF FIRST IMPRESSION

THE DISTRICT JUDGE DISQUALIFIED ASSISTANT
ATTORNEY GENERAL JONATHAN HARRY SCHWARTZ
THE IMPUTED DISQUALIFICATION DOCTRINE
MANDATED SHE DISQUALIFY THE ENTIRE
FIRM  [Page 2]

SHE ABUSED HER DISCRETION BY NOT
ENGAGING IN A BALANCING OF FACTORS NEEDED
TO EXERCISE HER DISCRETION  U.S-V Guglielmi
819 F-2D 451 (9th Cir 1987) (DESCRIBING what
is abuse of discretion) [Page 9 to 13]

No FEDERAL STATE DECISION involves A LAWFIRM
ENGAGING IN THE MISCONDUCT involved in this
CASE - TO PROTECT A DISQUALIFIED ATTORNEY
[Page 3 to 9]

(a) THE FIRM DISCLOSED PRISON AUTHORITIES NOT
PROVIDE ME with legal copies AND NOT
ALLOW ME TO SEND legal mail by email.

— i —

AND JOSE RAMOS — TO FRUSTRATE THIS
litigation."
[Page 4 -5]

(b) APPROVED SEARCH SEIZURE OF PRIVILEGED
DOCUMENTS IN 35 DVD's FOR 90 DAYS
PERTAINING TO THE DISQUALIFIED ATTORNEY
AND CONVEYING THEIR CONTENTS TO THE FIRM
[Page 3 -4]

(C) APPROVED PRISON OFFICIALS BARRING ME
FROM VIEWING evidence THAT MAY AFFECT THE
DISQUALIFIED ATTORNEY — until such time
I WAIVE ATTORNEY-Client Privilege —

(d) APPROVED PRISON Authorities searching
FOR Relevance — ALL Privileged Papers —
AND APPROVING COURT Filings in violation
OF Ex PARTE HALL · 312 U.S. 546, 549 (941)
[Page 6 -7]

(e) IN No uncertain terms BY letter ON
File with the COURT — ADVISED ME — THEY
Shall AND will NOT DISCLOSE evidence
inculpatory to the FIRM — DEFENDANT

THE DISTRICT COURT FAILED TO
engage in a Meaningful consideration
OF the FACTORS NECESSARY to exercise
DISCRETION — Mandating DISqualification of the FIRM

— vi —

1) ON THE FACTS <u>FIRESTONE TIRE & RUBBER</u>

<u>VS RISJORD</u> 449 U.S.268, 379 (1981) <u>Shurance v</u>

<u>Planning Control Inc</u> 839 F2d 1347, 1346 (9th Cir

1988) are Distinguishable in that (a) the

Court "<u>DID NOT</u>" Disqualify A single member

of the Firms (b) IMPUTED Disqualification

was not at issue (c) there was no

misconduct to <u>PROTECT THE DISQUALIFIED</u>

Member by "SEIZURE OF Privileged Papers,

FRUSTRATING the Litigation through Preventing

Documents being Filed in Court — approving

what Documents / Arguments the adversary

can make, Advising the adversary in Plain

language that "inculpatory evidence" shall be

Concealed — And Concealing these

(at (iii)

# TABLE OF CONTENT

ISSUE OF FIRST IMPRESSION ........................................ i

Table of Contents ........................................ o

Table of Cases ........................................ d

ETICS Involved ........................................ e

THERE IS NO PUBLISHED OR UNPUBLISHED
CASE WHERE THE CONDUCT OF THIS
FIRM IS CLOSE TO THAT IN THIS CASE ........................................ 1

THE IMPUTED DISQUALIFICATION DOCTRINE
MANDATES THE FIRM BE DISQUALIFIED ........................................ 2

THE AFFIRMATIVE DIRECTIVES BY THE
FIRM TO SEIZE ALL PRIVILEGED
DOCUMENTS THAT PERTAIN TO JUDGE
JONATHON SCHWARTZ, THE DISQUALIFIED
ATTORNEY AND MEMBER OF THE FIRM,
MANDATES DISQUALIFICATION OF THE FIRM ........................................ 3

THE DIRECTIVES BY THE FIRM TO
ADOC THAT ADOC MUST NOT ALLOW
PLAINTIFF TO SEND LEGAL MAIL TO
THE COURTS MAKE COPIES MANDATE
THE FIRM DISQUALIFIED ........................................ 4

THE DIRECTIVES UPON APPROVAL
OF THE FIRM THAT PRISON
OFFICIALS MUST DETERMINE
RELEVANCE OF AN LEGAL FILINGS
MANAGER DISQUALIFICATION                    6

THE FIRMS COUNCIL IN THIS
LITIGATION — DIRECTING PRISON
AUTHORITIES NOT TO MAKE
COPIES FOR ME NOR TO
ALLOW ME ACCESS TO VIEW
PRIVILEGED INFORMATION — UNLESS
I WAIVE MY PRIVILEGE —
MANAGER DISQUALIFICATION                    7

THE COUNCIL OF THE FIRM THRU
ER 1.12 (C) PLUS CASE LAW — SHOWN
THE DISTRICT COURT DID NOT
ACTUALLY ENGAGE IN A MEANINGFUL
CONSIDERATION OF THE NECESSARY
FACTORS TO EXERCISE IT DISCRETION          9

IT WAS AN ABUSE OF DISCRETION
NOT TO CERTIFY THE INTERLOCUTORY
ORDER                                      12

(b)

Conclusion                                        ii -

## Declaration

The Purpose                    Para 1.

What Use The Court
Found                          Para 2

The Public Suspicion          Para 3

Failing To Engage In
A Meaningful Consideration
Of Factors                    Para 10

# TABLE OF CASES

Alexander v Superior Court
685 P2d 1309 (1984) ............................................... 10

Ake v Oklahoma
470 US 68, 77 (1985) ............................................... 15

Ex Parse Hull
312 US 546, 549 (1941) ............................................. 6

Gomez v Vernon
255 F3d 1118, 1133 (9th Cir 2001) .................................. 6

In Re Sealed Case
381 F3d 1205, 1218-10
(DC Cir. 2004) .................................................... 13

Towne Dev. of Chandler v
Superior Court 173 Ariz 36 x
842 P2d 1377 (App. 1992) ........................................... 1

Laura Lines Srl v Chesser
490 US 495, 498-99 (1989) .......................................... 2

US v Phillip Morris Inc
314 F3d 612, 617-21 (DC Cir. 2003) ............................... 13

— 2 —

Villapando v Reagan
12( P3n 172, 175 ( 2005)          9

## ER's Involved

ER 1.12,                          2, 3.

THERE IS NO PUBLISHED OR
UNPUBLISHED CASE WHERE
THE CONDUCT OF THE FIRM
IS CLOSE TO THAT IN THIS CASE

(1)    "Walling off a Tainted
Attorney is not allowed
as an alternative to unwanted
Disqualification of a Firm"

Towne Dev. of Chandler v Superior Court

173 Ariz. 364, 842 P2d 1377 (App. 1992)

(2)    No Case - No Law Review - No Treatise - No

1983 Published or unpublished Decision -

Discusses egregious Conduct Discussed

in the Declaration - by a Law Firm. (Dec

at 2 to 9). The extremes that the

Firm was gone to - First in the Nation

- Wanted the entire Firm - NOT THE TAINTED

Member - Be Disqualified.

—1—

## THE IMPUTED DISQUALIFICATION
## DOCTRINE MANDATED THE
## FIRM BE DISQUALIFIED

(3) HAVING DISQUALIFIED MY FORMER TRIAL JUDGE NOW A MEMBER OF THE LAWFIRM — ER 1.12 (a). ARIZONA SUPREME COURT RULES SETS FORTH

"A LAWYER shall not REPRESENT Anyone in connection with a matter in which the lawyer participated personally AND substantially AS A Judge or other ADJUDICATIVE officer — unless all parties to the Proceeding give informed Consent in writing"

Because E-R. 1-12 (c) establishes a Presumption exists the entire

—2—

Firm is DISQUALIFIED ER 1.12 (c)(1)(2)(3)

The Affirmative Directives
By The Firm To Seize All
Privileged Documents That
Pertain To Judge Jonathan
Schwartz, The Disqualified
Attorney And Member Of The
Firm, Mandated Disqualification
Of The Firm

(4) March 13, 2019 The Firm approved
Prison Authorities — To Seize —
Search — Convert To Legal services
the Contents of 35 DVD's (CD's — that
had privileged documents From
Plaintiff's Lawyers — And which
Concerned Judge Jonathan Hovey
Schwartz — Now A Member of

—3—

THE FIRM — DISQUALIFIED — in Violation

OF GOMEZ v VERNON, 255 F.3D 1118, 1133

( 9th Cir 2001)

(5) THen ther took 11 DVDs/CDs, that
has critical Privileged information
As to the DISQualified Member AND
Kept them.

(6) This MANDATED THE Firm be
DISQualified.

> THE DIRECTIVES BY THE Firm
> TO ADOC THAT ADOC MUST NOT
> ALLOW Plaintiff TO SEND Legal
> MAIL TO THE Courts MAKES
> COPIES MANDATED THE FIRM
> DISQualified

ACcording to Jose Ramos And Julio Brown

— 4 —

(7) THE FIRM DIRECTED ADOC that ADOC is NOT to Allow ME to :

(a) MAil legal Papers to to Court.

(b) MAke Copies of legal Papers As Required By ADOC Policy

And then

(8) ON November 1, 2019 by email Directing — CO II Shelby Negron — And other staff to SEIZE All legal MAil sent to the Court — MANDATED —f

Disqualification of the Firm

THE DIRECTIVE UPON
APPROVAL OF THE
FIRM THAT PERSON
OFFICIALS MUST
DETERMINE Relevance
OF ALL LEGAL FILINGS
MANDATED DISQUALIFICATION

(9) E + Parole Hull, 312 US 546,
549 (1941) states Prison
Practice that

"screen Prisoners
Submissions to
the Courts as
invalid.

(10) The Firm approved by
email the Practice that
(a) All Papers I submit

—b—

to Court And that

I Receive From

counsel must be

Approved By the

Paralegal For "Relevance"

(11) This MANDATED Disqualification

THE Firm's CONDUCT In
This LITIGATION — DIRECTING
PRISON AUTHORITIES NOT
TO MAKE COPIES FOR ME
NOT TO ALLOW ME ACCESS
TO VIEW PRIVILEGED
INFORMATION — UNLESS I
WAVE MY PRIVILEGE —
MANDATED DISQUALIFICATION

(B) THE FIRM:

(a) DIRECTED PRISON

Authorities not to make
-9-

COPIES OF DOCUMENTS IN this litigation:

(b) In NO UNCERTAIN terms ADVISED ME in writing — which submission is on File with the Court — they shall And Will not give ME Any Papers that show their Misconduct — Concealing evidence — After that Directive the Firm ARgued — And the Judge ACCEPTED that to my Detriment — that As I Did not Provide the Court Document

~ 8 -

that the Firm Directed I

Not be Allowed to copy —

My Motion to compel be

Denied — And the Court

Did Just That

THE CONDUCT OF THE

FIRM AND ER 1.12(C)

Plus Fage law — Shows

THE DISTRICT COURT

DID NOT Actually.

Engage in A Meaningful

CONSIDERATION OF THE

FACTORS NECESSARY TO

EXERCISE ITS DISCRETION

(V) In Villalpando v Reagan, 121 P3d

172, 175 (2005) the Court stated

" without Question, --
conflicts may implicate
due process Concerns, And

— 9 —

A court Does have the authority to Disqualify e — office for e conflict of interest.

Because if it is

" So severe As to Deprive him of Fundamental Fairness in A manner "Shocking to the Universal Sense of Justice"

(7) The Four Parts Alexander v Superior court 685 P2d 1309 (1984) Factors were not Meaningfully considered

(8) The court Did not consider :

(a) the Directives by the firm that prison authorities

— 10 —

Make no Copies of Documents
to be Filed in Court And
Not send my mail to the Court

(h) the approval by the Firm
that my privileged papers
be searched — seized — Read
— Destroyed — that Relate to
Judge now Disqualified member
of the Firm

(C) the approval by the Firm
that the paralegal — screen all
papers For Relevance before I
can view them

(D) the Refusal by the

— 11 —

Firm to provide Documents
— Inculpatory to the Firm

IT WAS AN ABUSE OF
DISCRETION NOT TO
CERTIFY THE INTERLOCUTORY
ORDER

(17) The legal and Practical Value of
the Conduct of the Firm — As
Set Forth in the Declarations — its
impacts on the Right of Access to
the Court in this matter — will be
Destroyed with continued Representation
Lauro Lines s.r.l. v Chasser, 490 U.S.
495, 498-99 (1989)

(18) "Privileged Documents" have been

—12—

taken in order of the Firm — And
are in their Custody since March
2019.

(19) In re Sealed Case 381 F3r 1205, 1219 —
10 ( DC Cir. 2004) (power to Disclose
privileges medical Records) U.S v
Phillip Morris Inc. 314 F3D 612, 617 —
21 ( DC Cir. 2003) —

(20) This Situation is worse the
the above cases " For Non
approval or the Firm — they Just
Took these without a Court order

(21) What further Aggravates this
is the Firm has ^ In no uncertain

—13—

Advise me by letter — And the

District Judge Has a Copy —

that it shall and will not —

give no documents that are

inculpatory to the Firm.

(22) The Firm has ~~Furthermore~~ ordered That

Prison Authorities " Are Not

to Copy any legal papers For me "

And Are to not send my mail

to the Court that

(23) Defendant Ramos by Email

Confirms

## Conclusion

(20) By Failing to engage in A meaningful Consideration of the Factors Necessary to exercise its Discretion - the District Judge abuses her Discretion. As Mr. Justice Marshall stated ACE v Oklahoma, 470 U.s. 68, 77 (1985).

"We Recognized long time ago the mere access to the Courthouse Doors Does not by itself Assure to Proper Functioning of the Adversary Process."

(21) Leave to File an interlocutory appeal should be granted and counsel appointed

(22) The Firm should be Disqualized

Respectfully submitted

Anant Kumar Tripati

—15—

## DECLARATION

I, Anant Kumar Tripati Declare under the Penalty of Perjury these facts are true and correct and I can so testify.

### THE PURPOSE

(1) I Believe the DISTRICT COURT ABUSED ITs DISCRETION in Denying MY MOTION to DISQualify the Entire Firm — Only DISQualifying Jonathan Hevey Schwartz But The COURT DID NOT — I Believe — Engage in A Meaningful Consideration of the FACTORS NECESSARY to Exercise its Discretion

—)—

## WHAT HAS THE COURT
## FOUND

(2) THE COURT HAS FOUND THAT the

Motion is not Designed to harass,

that The Defendents will not be

Damaged by Disqualification

of Judge Schwartz, however

It has not DETERMINED — erroneously

Determined — That imputed

Disqualification or the Firm does

not apply And The Public suspicion

Alexander v Superior Court, 141

Ariz. 157, 685 Pw 1309, 1377 (1984)

## THE Public Suspicion
(3) THE Firm ordered the

−2−

PRISON SYSTEM NOT to ALLOW
ME to make legal copies AND
NOT to ALLOW me to send out
legal mail to the court - but
SEIZE them. DEFENDANT JOSE
Ramos by email of November
1, 2018 to Shelby Negron AND
Julia Erwin, the Monitor
Legal Access - REAFFIRMED this
(7) The Firm approved On March
13, 2019 - SEIZURE of Privileged
Legal Papers - in 35 CDs/DVDs
- which - On my objections -
was Read by Beth Hilibari

~ 3 ~

And the contents of which were
transmitted to the Firm through
Apex legal service.

(5) The Firm approved — the
practice — in violation of
Ex Parte Hull                    that
the Prison authorities Must
screen all communications from
counsel that are privileged —
before — I am able to view
them — for Relevance

(6) The Firm by letter — that
the Judge Has — informed me
it shall and will not — give

— 4 —

Any inculpatory emails And
Documents.

(4) 11 Tubs with Privileged paper
were seized by approval of
the Firm And have been provided
to others — or my objection

(5) By orders of the Firm "I
Am Forbidden — Absent My
WAiving Attorney — Client
Privilege — From Viewing Any
evidence

(6) The Firm — Directed I not
be allowed to make legal copies
And then had to Court —

— 5 —

Sustain its objections - to my

being allowed Discovery of

Documents inculpatory to the

Defendants Law Firm

## FAILING TO ENGAGE
## IN A MEANINGFUL
## CONSIDERATION OF
## FACTORS

(10) The District Judge - Refused

to take into consideration - And

Engage in A meaningful consideration

of the FACTORS necessary to

exercise her Discretion -

thereby abusing it.

(11) Specifically - I believe - She

has taken exception - to my - As

-6-

A Response — Bringing to the

attention of the Court the above

Factors — but the Affirmative

Action by the Firm — to impede

Access to — meaningful Access

to the Court

② I ask for leave to file

this interlocutory appeal.

Executed under penalty

perjury on 2/16/20

Anant Kumar Tripati

— 7 —