FILED

AUG 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANANT KUMAR TRIPATI, | No.   21-15902 |
| Plaintiff-Appellant, | D.C. No. 4:18-cv-00066-RM |
| v. | MEMORANDUM[*] |
| CORIZON INCORPORATED; GLEN BABICH, Provider East Unit; CHARLES L. RYAN; GEORGE OSLER, Mailroom Officer Florence; DANIEL MORENO, Mailroom Officer Florence; JOSE RAMOS, Mailroom Officer Florence; GLENN SCHLETTER, Mailroom Officer Florence; DAVID SHINN, Director; EDWARD SHUMAN, Deputy Warden; DIANE BOHUSZEWICZ, Florence Employee; ZEBARIAH YOUNG, Florence Employee; CENTURION OF ARIZONA LLC, | |
| Defendants-Appellees, | |
| v. | |
| ARIZONA BOARD OF NURSING; ARIZONA MEDICAL BOARD, | |
| Movants-Appellees. | |

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted August 23, 2023[**]

Before: O'SCANNLAIN, KLEINFELD, and SILVERMAN, Circuit Judges.

Plaintiff Anant Tripati appeals from the district court's entry of judgment in favor of the defendants in his consolidated prisoner civil rights actions. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), and affirm.

Summary judgment was proper for the defendants on the claims alleging deliberate indifference to plaintiff's hypertension, pain, and lung problems. At most, plaintiff established a difference of opinion between himself and the medical professionals regarding the proper treatment of his medical conditions. Such a difference of opinion does not rise to the level of deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Summary judgment was proper for the defendants on the unexhausted claims. Plaintiff failed to offer admissible evidence to establish that the administrative remedies for his unexhausted claims were "effectively unavailable" to him. *See Eaton v. Blewett*, 50 F.4th 1240, 1245 (9th Cir. 2022) (setting forth the standard) (internal quotation marks omitted).

Plaintiff waived his First Amendment mail claim in his opening brief by not specifically addressing the reasons given by the district court for granting summary judgment. *See Hayes v. Idaho Corr. Center*, 849 F.3d 1204, 1213 (9th Cir. 2017) (holding that "matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief" are waived) (internal quotation marks omitted). Summary judgment was proper for the defendants on the access to the courts claim because plaintiff failed to link the contents of the opened envelopes to any specific nonfrivolous legal claim. *See Christopher v. Harbury*, 536 U.S. 403, 413-16 (2002) (setting forth the standard for an access to the courts claim).

The district court did not abuse its discretion when it limited discovery to the claims alleged in the case. Plaintiff has not established that he was prejudiced by the denial of any specific, relevant discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth the standard of review and holding that a

plaintiff must make the "clearest showing" of "actual and substantial prejudice" from the denial of discovery) (internal quotation marks omitted).

We decline to consider issues that were raised for the first time in the opening brief.  *See Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010) (holding that arguments "raised for the first time on appeal" have been waived).

This case remains administratively closed for defendant Corizon.

**AFFIRMED.**